JAMES EVANS, Adm'r of Henry Evans, dec'd, *v.* T. S. LAUDERDALE *et al.*

AND

JAMES EVANS *et al. v.* T. S. LAUDERDALE *et al.*

AGREEMENT. *Executory.* Evans signed an instrument which binds the Lauderdales to perform certain services for said Evans during his lifetime, in consideration of which the said Evans, in the language of said instrument, "agrees that at his death, the said T. S. and R. H. Lauderdale shall be the lawful heirs of all the lands he now owns. The said Henry Evans further agrees to give possession of, and transfer to the said T. S. and R. H. Lauderdale, all the right, title and

interest that he may have in all the stock that he, the said Henry Evans, now owns, except three mules," etc. *Held*, the instrument was an executory agreement and not a testamentary paper. The Lauderdales were entitled to immediate possession of the personal property, and having performed the services, were entitled to the lands at the death of the said Evans.

## FROM GREENE.

Appeal from the Chancery Court at Greeneville. E. C. REEVES, Sp. Ch.

R. M. McKEY, TEMPLETON & ARMITAGE for complainants.

INGERSOLL & SHOWN for defendants.

DEADERICK, C. J., delivered the opinion of the court.

At a former day of the present term of this court an opinion was pronounced in these two causes, which were heard together. In that opinion the court held that the instrument executed by Henry Evans, dec'd, bearing date February 10, 1879, although purporting to be a mutual agreement between Henry Evans and T. S. and R. H. Lauderdale, but signed only by said Evans, was in legal effect a testamentary paper.

Upon further consideration the court has arrived at a different conclusion, and therefore have reconsidered the question, upon its own motion, and hold the instrument to be an executory agreement.

The instrument binds the Lauderdales to perform certain services for said Henry during his lifetime, in consideration of which the said Henry, in the language of the instrument, "agrees that at his death, the said

T. S. and R. H. Lauderdale shall be the lawful heirs of all the land he now owns." "The said Henry Evans further agrees to give possession of, and transfer to the said T. S. and R. H. Lauderdale all the right, title and interest that he may have in all the stock that he, the said Henry Evans, now owns, except three mules," etc.

These provisions bind the Lauderdales to the performance of certain services, as the conditions upon which they are to take all the lands owned by said Henry at the time of the execution of the instrument, upon the death of said Henry. The personalty, under its provisions, they might take into their possession at once.

If the said Henry was competent to make such a contract, and it was not unfairly obtained, and if the said Lauderdales have performed their part of its obligation, we think it sufficient in its terms to pass all the lands said Henry owned, and all the stock, except the three mules, which he owned at the time of its execution.

There is much evidence in the record as to the competency of said Henry. But although he is shown to have been eccentric in his habits and speech, the decided preponderance of the evidence is, that he has always managed his own business with reasonably good judgment, and understood the value and uses of property. It does not appear that any undue means were used to influence him in the disposition of his property. He had never married, and lived for many years alone on his farm. The Lauderdales lived near

to him and were of kin to him—were young men, and often assisted him on his farm for years before the instrument in question was executed, and he had for years before expressed his intention to give them his property.

It also appears that the Lauderdales had substantially complied with their part of the agreement. The said Henry, a few days before his death, had expressed himself satisfied with the manner in which they had performed their undertaking. Upon the whole we see no reason why the contract should not be operative according to its obvious intent in conferring title to the property mentioned to the Lauderdales.

The bills were filed to impeach and set aide said instrument of the 10th of February, 1879, and to require said Lauderdales to surrender possession of the land and personalty which they had taken possession of, and to have them to account—the complainants being the administrator and heirs at law of said Henry Evans, deceased.

The chancellor dismissed the bills, and his decree will be affirmed with costs. The decree heretofore entered in these causes will be vacated and annulled.