Davis, Adm'r, *v.* Garrett.

Davis, Adm'r, *v.* Garrett.

(*Nashville.* January 21, 1892.)

1. GIFT. *Of slave by deed valid without delivery.*

The gift of a slave or other chattel made by deed duly executed and delivered is valid and effectual between the parties without delivery of the thing given—*e. g.*, a father's deed of gift of a slave to his infant daughter passes title to the daughter without actual delivery of the slave, the daughter and slave being members of the donor's household and remaining in his family until the latter was emancipated.

Cases cited and approved: Caines *v.* Marley, 2 Yer., 582; McEwen *v.* Troost, 1 Sneed, 186.

2. DEED. *Proof of delivery.*

Proof of delivery of deed is *prima facie* sufficient, where it is shown that the grantor procured registration of the deed and left it in the register's office during the remainder of his life—the instrument being a deed of gift from a father to his daughter, an infant of tender years residing in his family.

Cases cited and approved: Martin *v.* Ramsey, 5 Hum., 350; Corley *v.* Corley, 2 Cold., 524; Thompson *v.* Jones, 1 Head, 576; Tompkins *v.* Bamberger, 3 Lea, 576.

Cited and distinguished: Mason *v.* Holman, 10 Lea, 315.

3. SAME. *Same.*

And from the unexplained fact of registration it will be presumed that it was done by the grantor's procurement and authority.

4. INFANT. *Acceptance of deed.*

Infant's acceptance of deed will be presumed, if, viewing the transaction as of the date of the deed, it clearly appears to have then been for his benefit that it should be accepted.

Davis, Adm'r, *v.* Garrett.

5. SAME. *Same.*

After the infant's acceptance of a deed has once attached in contemplation of law, the subsequent loss of the property conveyed cannot annul that acceptance.

FROM MARSHALL.

Appeal from County Court of Marshall County. W. J. LEONARD, J.

COWDEN & TURNEY for Mrs. Daniel.

P. C. SMITHSON for Mrs. Bryant.

LURTON, J. This case is here alone upon the appeal of Mrs. Cordelia Bryant from a decree of the County Court charging her with the value of a negro slave as an advancement. In 1859 Mrs. Bryant's father made to her a deed of gift to a slave girl nine years of age.

The donee at date of this deed was but about seven years of age, and residing with her father, where she continued to reside until her marriage more than ten years afterward. The subject of the gift was then and continued upon the premises of the donor until she voluntarily left after close of the Civil War and her emancipation.

This deed was signed by the father and attested by three witnesses. A few days after its date the

Davis, Adm'r, *v.* Garrett.

donor personally acknowledged its execution before the Clerk of the County Court, and within a few days thereafter he caused it to be registered. After registration the original deed was left in the Register's office, where it was found pending the trial of the questions arising upon an account of advancement.

The objections urged to the decree charging this gift as an advancement are:

*First.*—That the slave was never delivered into the possession of the donee. Possession must be according to the nature of the thing given and the circumstances and situation of the parties and subject. Here the donor was the father. The donee was his own child, of tender years and residing with him. The subject of the gift was a young female slave, a member of his own household. The child had no trustee or guardian other than her natural guardian, her father. Under such circumstances, no actual, manual delivery was possible. He could only make the gift by executing such legal instrument as was necessary, under the law, to pass the title.

The gift of a chattel or slave by deed duly executed and delivered is valid at the common law though there be no actual delivery of the thing given. This has long been regarded as settled by our decisions. *Caines* v. *Marley*, 2 Yer., 582; *McEwen* v. *Troost*, 1 Sneed, 186.

In the case last cited the facts were that Dr. Troost executed a deed of gift to his two children,

conveying a valuable geological cabinet and library, and caused the deed to be registered. He remained in possession until his death. In a contest over the title between the donees and the administrator of the father that of the donees prevailed.

*Second.*—It is next urged that the deed was never delivered. This deed was either registered by direction of the donor or by direction of some one to whom he had delivered the deed. One of these propositions must be presumed from the unexplained fact of actual registration. Assuming the registration to have been the act of the donor as the most probable, it is urged that this is not delivery.

Delivery of a deed is undoubtedly essential to its due execution as a deed. But it has been repeatedly held that this delivery need not be formal, or into the hands of the grantee or some one for him, if the circumstances are such as to make it clearly appear that the intention of the maker was that the deed should take effect without such delivery. *Martin* v. *Ramsey*, 5 Hum., 350; *Corley* v. *Corley*, 2 Cold., 524.

Whether the mere execution of a deed and delivery to the Register would amount to a delivery was stated to be a question of doubt by Judge Caruthers in *Thompson* v. *Jones*, 1 Head, 576. This doubt seems to have deepened by the intimation of Judge Cooper in *Thompkins* v. *Bamberger*, 3 Lea, 576.

It may be assumed from our cases that the

mere leaving a deed in the office for registration, without other circumstances, would be insufficient evidence of a delivery to the grantee. Yet, if it appear that the grantor directed it to be recorded, "we should consider that equivalent to actual delivery and acceptance," said Judge Totten in *McEwen* v. *Troost*. In the subsequent case of *Thompson* v. *Jones*, this language was considered by the Court, and the conclusion reached that "the execution of the deed and procuring its registration would not be conclusive of delivery; but it would devolve upon the other side the necessity of proving that she did not intend it as a final delivery, but that it was her purpose still to hold it in her power, and that it should not take effect while she lived, or only upon some condition or contingency." 1 Head, 576.

The case of *Mason & Holman* v. *Holman*, 10 Lea, 315, has been strongly relied upon by counsel for appellants as holding that registration of a deed of gift by the grantor is not sufficient evidence of delivery. That case goes to the verge of the law, and should be limited to its facts. The opinion does not overrule the two cases we have just cited, nor refer to them. There, though the donor did register the deeds, yet it is shown that after registration he recovered the original deeds and held them in his possession until death. The case is to be further distinguished in that there was evidence of a prior parol gift upon terms differing from those contained in the deeds. The

donees were married women, and are shown to
have known nothing of the deeds. Here the deed
was suffered, after registration, to remain in the
Register's office. The donee was incapable, of un-
derstanding the transaction, and a formal delivery
of the deed to her would have been so extremely
formal as to have been farcical.

The latest case on the subject is that of *Swiney*
v. *Swiney*, 14 Lea, 316. There the Court re-affirmed
the doctrine of *McEwen* v. *Troost* and *Thompson*
v. *Jones*, and held that when the grantor causes
the actual registration of the deed, it constitutes a
*prima facie* case of delivery. The act of registra-
tion, upon direction of the grantor, is highly sig-
nificant of his purpose to give effect to his deed.
He has thereby put it beyond his power to recall
the instrument from the public records, and give
creditors and purchasers notice of the state of the
title. It ought to require strong circumstances to
rebut the presumption of delivery arising from
such conduct.

If the deed contained any burdensome or unu-
sual provisions, a question might arise as to ac-
ceptance by the donee. But when the donee is
incapable of exercising any discretion in the mat-
ter, and the conveyance is clearly beneficial, the
law will presume an acceptance. Were it other-
wise, an infant, for want of power, would be in-
capable of receiving a benefit conferred by deed.

Under the facts of this case, and looking at
this transaction as it stood at the date of this

Davis, Adm'r, *v.* Garrett.

gift, it was manifestly to the interest of the donee that this gift should be accepted. The subsequent emancipation of the slave cannot affect the judgment of the law upon the facts as they were at the time the deed became operative.

Affirm the decree with costs of appeal.