## LIQUIDATED DAMAGES FOR BREACH OF CONTRACT OF EMPLOYMENT.

### Circuit Court of Franklin County.

### ED. H. JACOBS v. THE SHANNON FURNITURE CO.

#### Decided, March 25, 1910.

*Liquidated Damages—Stipulation for, Valid, When—Sum Named not a Penalty, When—Its Reasonableness to be Determined from Circumstances at the Time the Contract was Made.*

1. A stipulation for liquated damages for discharge before expiration of term of employment is valid, where the sum named is for a complete breach of the contract of employment, and is not based upon the amount of wages to be paid, but is dependent upon uncertain damages arising from the discharge.

2. In determining whether the sum stated as damages is reasonable, the question must be viewed from the standpoint of the parties at the time the contract was made, and not on an *ex post facto* basis after litigation has arisen and the case is up for trial.

*E. C. Turner* and *A. R. Jones,* for plaintiff.
*Huggins, Huggins & Johnson,* contra.

ALLREAD, J.; SULLIVAN, J., and DUSTIN, J., concur.

The first cause of action seeks to recover liquidated damages stipulated for in a contract of employment. The contract provided for the employment by the Shannon Company of Jacobs as manager of a business to be conducted in his name for a period of five years, at a salary of $9,000, or $1,800 per annum, and 5 per cent. commission on the excess above $25,000 of the combined net profits for each year during said term. The contract stipulated for liquidated damages upon its termination otherwise than by voluntary withdrawal or fault of Jacobs within twenty-five months after the beginning of the term in the amount of $1,750.

The petition alleges the discharge of Jacobs within twenty-five months, a full compliance by Jacobs up to that time, and ability and readiness to comply for the balance of the term, and asks judgment for the sum stipulated for.

A demurrer was sustained in the court of common pleas to the first cause of action, and final judgment entered for the defendants. The only question presented here upon error is as to the validity of the stipulation for liquidated damages.

It may be deduced from the authorities in this state that a stipulation in a contract for liquidated damages in case of breach where no purpose appears or can be fairly deduced to charge the same as a penalty will be upheld. *Blast Co.* v. *Stone Co.,* 64 O. S., 361-367; *Grayselli* v. *Lowden,* 11 O. S., 349, 361; *Lange* v. *Werk,* 2 O. S., 520, 533.

Whether a stipulation in any given case is to be regarded as penalty for liquidated damages, becomes a question of intention to be reflected from the whole instrument in connection with the subject-matter. The form in which the stipulation is clothed may be considered, but is not conclusive. In final analysis, the stipulation for damages must be read and considered along with all other provisions, the general scope and subject-matter of the contract, from which must be determined whether the parties intended thereby to fix a fair and just amount for the actual dam-

ages likely to arise, or an arbitrary amount as mere penalty to secure performance.

Cases cited by counsel for defendant in error in support of their contention may, we think, fairly be grouped as follows:

(a)  Cases where a lump sum is fixed for default in each of several things of varying importance, and therefore inconsistent as actual valuation or liquidation, but consistent only as penalty.  (*Berry* v. *Wisdom*, 3 O. S., 241.)

(b)  Cases where the amount stipulated for is manifestly in excess of the actual damages to be reasonably contemplated from a breach of contract.

The case at bar is distinguishable from those of class *a,* for the reason that the lump sum here is fixed only for a complete breach.

It is distinguishable also from those of class *b,* for the reason that the damages here are uncertain, and therefore a proper subject of liquidation.  It is true that the obligation of the Shannon Company was to pay money.  But since the payment of money was for wages, upon breach, the measure of damages is not necessarily the amount of wages agreed to be paid, but depended upon the uncertain damages arising from the discharge. And such damages are generally, if not universally, held to be a proper subject for liquidated damages.  *Tenn. Manufacturing Co.* v. *James,* 91 Tenn., 153;  *Walz* v. *Fisher,* 102 Wis., 172, 180; *Watson* v. *Russell,* 149 N. Y., 388;  *Clynn* v. *Moran,* 174 Mass., 233.

It therefore remains to be considered whether the amount stipulated for is a fair and reasonable measure of the contemplated damages, or manifestly excessive.  This question must be viewed by the court from the standpoint of the parties at the time of the contract, and not *ex post facto* when the litigation is up for trial.  Contracts are always so construed and a stipulation for liquidated damages is no exception.  *Sun Ptg. & Pub. Ass'n* v. *Moore,* 183 U. S., 642, 672;  *Blasting Co.* v. *Stone Co., supra,* p. 366.

It is urged that Jacobs' damages may be very slight, and in argument it was stated that he had gone back almost immediately

to his old employment.   But this is *ex post facto* and can not
be employed to aid in the original construction of the contract,
except as it may have been reasonably foreseen and contemplated.

It is a matter of common knowledge that responsible and
lucrative positions in merchants' establishments are not always
open, but more frequently attained only after years of subordi-
nate employment and by regular promotion.   When Jacobs left
the employ of the Lazarus Company and entered the employ of
the Shannon Company, it was reasonable to contemplate a diffi-
culty upon discharge in securing satisfactory employment of a
like character and of the same compensation, and to make some
provision in case of discharge.   We are of the opinion from the
written contract, in connection with the subject-matter, and in
view of the common knowledge of the difficulties of securing
other employment, that the sum of $1,750, provided for a dis-
charge within the first twenty-five months and while thirty-five
months of his time was still before him, was a fair adjustment
of what would be considered by the parties at the time of the
contract as the actual damages that might under reasonable cir-
cumstances be contemplated.

The cases of *the Rock Blasting Company* v. *the Stone Com-
pany* and *Glynn* v. *Moran* are both in point in principle and
general features.   The stipulated amount in the present case
may be sustained under the authority of the two cases referred
to, not only as a reasonable liquidation of damages, but as an
agreement based upon sufficient consideration to pay the ad-
ditional amount as further compensation upon discharge.

The judgment of the court of common pleas is, therefore, re-
versed, and cause remanded, with instructions to overrule the
demurrer to the first cause of action.