Watt H. McLeroy, Complainant, Appellee, *v.* Julie E. McLeroy *et al.*, Defendants, Appellants.

(*Nashville*, December Term, 1930.)

Opinion filed July 18, 1931.

CARUTHERS EWING, JR. and L. E. GWINN, for complainant, appellee.

J. O. BOMER, JR. and DAN F. ELLIOTT, for defendants, appellants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Defendant, Julie E. McLeroy, on May 11, 1917, conveyed certain lands in Shelby County to her son Watt H. McLeroy, and her daughter, Enon N. McLeroy. The latter died intestate, in 1928, without ever having married. The only question for decision is whether, under a proper construction of the deed, the interest of Enon passed to Watt under the doctrine of survivorship. The granting clause of the instrument is as follows:

"THIS INDENTURE, Made and entered into this 11th day of May, A. D., 1917, by and between Julie E. Mc-

Leroy, of First Part, and Watt H. McLeroy, and Enon N. McLeroy, parties of the second part;

"WITNESSETH: That for the consideration hereinafter expressed, the First party has bargained and sold and doth hereby bargain, sell, convey and confirm unto the second parties, and to the survivor, the following described real estate in Shelby County, Tennessee, to-wit:"

█ Counsel for the heirs of Enon insist that section 3677 of Shannon's Code prohibits the vesting of estates by survivorship. This statute provides:

"In all estates, real and personal, held in joint tenancy, the part or share of any tenant dying shall not descend or go to the surviving tenant or tenants, but shall descend or be vested in the heirs, executors, or administrators, respectively, of the tenant so dying, in the same manner as estates held by tenancy in common."

At common law where an estate was granted to A and B and the latter died the former became vested with the entire estate, and to change this rule the statute in question was enacted. The authorities are practically unanimous in holding that such statutes in nowise abridge or prohibit the creation of an estate of survivorship by will or deed.

In 33 Corpus Juris, 901, it is said: "The disfavor with which joint tenancies, with the right of survivorship, have been regarded by the courts has resulted in the enactment of statutes, under which joint tenancies are wholly or partially abolished and that made a tenancy in common which before would have been a joint tenancy. These statutes generally merely abridge or abolish joint tenancy with its incident of survivorship as it existed at common law, and do not prohibit or otherwise affect a joint tenancy, with the right of survivorship where the

will, deed, or other instrument by which the estate is created, expressly declares or by necessary implication shows an intention to create such an estate."

This rule of construction was recognized by this court in *Alexander* v. *Shapard,* 146 Tenn., 90, where a deed conveying land to husband and wife jointly was reformed so that title vested in them by the entireties.

It is further contended that by the following language in the *habendum* Enon's share was enlarged to a one-half undivided interest in fee simple.

"The interest which the said Enon N. McLeroy shall take hereunder shall be to her sole and separate use, as a separate estate, free from the debts, contracts, or marital rights of any husband, with full power in her to sell, encumber or devise as if she were a *feme sole.*"

There is no conflict between this language of the deed and that contained in the granting clause. Its manifest purpose was to exclude the marital rights of any husband Enon might have and to enable her to dispose of the property without such husband joining in the conveyance. The authority to convey conferred no right that she did not already possess. One joint tenant can convey his interest in land without the joinder of the other tenant. 33 Corpus Juris, 914; *Tindell* v. *Tindell* (Chy. App.), 37 S. W., 1105. If the daughter survived the son then her interest in the property was enlarged into a fee-simple title, and she could make any disposition of it she thought fit and proper.

In *Skillin* v. *Loyd,* 46 Tenn., 563, 564-565, a tract of land was devised "to Julia Frances Spring, and the heirs of her body, for her own sole and separate use during her natural life." In construing this devise, the court said:

"Is it necessarily implied, from the use of the words, 'for her own sole and separate use during her natural life,' that the testator intended to convey a less estate than a fee simple interest, or do these words amount to express terms of restriction to a less estate?

"We think that Julia Frances Spring takes an estate in fee; and the only effect of the words, 'for her own sole and separate use during her natural life,' is, to exclude, during her life, the marital right of the husband, which would otherwise attach to the land; and that such is their legal effect."

For another reason we are convinced that the grantor intended that the survivor of her two children should take the fee-simple title to this property, and that is the consideration recited in the deed, which was the assumption of a $5000 mortgage on the property, "and to maintain, care for and keep the grantor herein, in the peaceful possession of her present homestead, supplied with the comforts of life during the remaining years of her life in the same manner as they have for several years past." This deed was also signed by the grantees. The grantor was securing for herself a comfortable home and support in her old age, and she desired that the one who bore the brunt of this burden should ultimately take the land.

While the bill asked that, if necessary, the deed be so reformed as to conform to the views expressed herein, and proof was taken to support such reformation, the chancellor held that the deed was free from conflict or ambiguity, and that a reformation was unnecessary. No error is assigned upon this feature of the cause, so that the decision of the chancellor was limited to a construction of the deed upon its face without resorting to any

extraneous evidence. Hence, in deciding the cause, no question of fact was considered, and for this reason we have assumed jurisdiction.

The chancellor decreed that upon the death of Enon McLeroy her brother, Watt McLeroy, became the absolute owner of the lands, and finding no error in his decree, it will be affirmed with costs.