ELLIOTT et al. v. MARKLAND et al., Equity No. 3.—
170 S. W. (2d) 662.

Eastern Section. November 27, 1942.

Petition for Certiorari denied by Supreme Court, February 27, 1943.

Allen, Nelson & Allen, of Elizabethton, for appellants.

Seiler & Hunter, of Elizabethton, for appellees.

HALE, J.  Mrs. Loretta Hinkle Markland died testate, leaving her husband Frank Markland and certain collateral kindred as her heirs-at-law. No children were ever born to her and her husband.  By her will she gave her husband a life estate in her real and personal property, with the remainder to the complainant Daniel Elliott,

whom she raised, and to her brothers and sisters. The husband dissented from the will and claimed all her estate, real and personal. The Chancellor held that he took only a third interest in the personal estate and no interest in the realty, no right of curtesy having attached. The husband appeals.

By Section 8359 of the Code it is provided:

"The husband may likewise dissent from the will of his wife within one year after the probate thereof, and in which case if the wife died leaving no child or not more than two, the husband shall be entitled to one-third part of her personal estate, in addition to his curtesy in the real estate as provided by law. But if the wife has more than two children, the husband shall share equally with all the children in said personal estate, he being entitled to a child's part."

■■ This Section is based upon Chap. 44, Acts of 1923, which was held unconstitutional because of a defective caption in the case of Schaffler v. Handwerker, 152 Tenn. 329, 278 S. W. 967, but was subsequently included in the Code and is now a valid enactment. If Mrs. Markland had not died testate, her husband would have taken all her personal estate. Code Sec. 8389(2). But as she left a will and as her husband dissented therefrom, his rights are fixed by the very Act under which he was given and exercised the right of dissent.

■■ Reliance is placed on the common law principle that marriage amounted to an absolute gift by the wift to the husband of her personal property, citing D'Arcy v. Connecticut Mutual Life Insurance Company, 108 Tenn. 566, 69 S. W. 768. This has no application. The Married Women's Emancipation Act, Code, Sec. 8460, totally abrogated the common law as to the rights

of married women, with the exceptions contained in Secs. 8461, 8462. It is clear that upon the husband's dissent he was entitled to only one-third of the personal estate.

■ ■ It is next contended that the husband took the real estate under Sec. 8382 of the Code:

"If the intestate died leaving no heirs at law capable of inheriting the real estate, it shall be inherited by the husband or wife in fee simple."

This contention is refuted because (a) Mrs. Markland died testate and (b) left heirs-at-law who would have taken her property in case of intestacy. It is argued, however, that "heirs-at-law" as used here mean children or issue. No such limited meaning can be given this section, which was intended to cover the case of an intestate who left no heir-at-law, i. e., kindred capable of inheriting the real estate.

■ It results, that the decree of the learned Chancellor in these respects is affirmed, but we think an error was committed in allowing the solicitor for the complainant an attorney fee to be charged as a part of the costs to be paid from the personal estate. The suit was filed by Daniel G. Elliott in his own right in behalf of the collateral kindred of the testatrix, who took under her will, to obtain a declaratory judgment fixing the rights of the parties under the will and dissent thereto. Frank Markland claimed the whole estate. While his claim was ill founded, we do not think it proper to penalize him by charging the personal estate of the testatrix with attorney fees for the successful litigants. We think under these conditions each person should pay his own attorney's fees. It would not be equitable to tax complainant's attorney's fees against the personal estate,

as by doing so, Markland would be paying one-third of the fee of the opposing counsel and in addition would have to pay his own counsel.

With the exception noted, the decree of the Chancellor will be affirmed, at appellant's cost.

McAmis and Burnett, JJ., concur.