268 S.W.2d 85 (1954)
HOWELL et al.
v.
DAVIS et al.
Supreme Court of Tennessee.
March 3, 1954.
On Petition to Rehear May 21, 1954.
D. S. Beeler, Rutledge, J. Carl Lambdin, Jefferson City, for appellants.
Ben S. Catlett, Clarence A. Bales and B. J. Ramsey, Jr., Jefferson City, for appellees.
GAILOR, Justice.
The original bill in this cause was filed by the appellants as administrator and heirs of *86 William Howell, deceased, to set aside a fraudulent deed, which the bill alleges constitutes a cloud upon the title of the complainants to a valuable farm in Grainger County. The appellees are the widow, Mary Howell, and the grantees of the fraudulent deed, who demurred to the bill.
The Special Chancellor sustained the demurrer and this appeal was duly perfected from that decree which states no grounds for the action taken.
In 1901, the father of Mary Howell sold the farm involved, now valued at more than $20,000, to William Howell and Mary Howell. They were then married and title was vested in them as tenants by the entirety.
In 1941, Mary Howell, alone and independently, made a warranty deed to her husband, William Howell. The deed was duly executed, accepted by the husband, and recorded. By the deed, Mary Howell undertook to reserve to herself an estate for life, and to convey to her husband whatever other right, title and interest she might have in the farm at her death. The deed specified, "said conveyance to take effect at the death of the party of the first part (Mary Howell)."
William Howell died in March 1953. Three weeks after his death, on April 8, 1953, Mary Howell conveyed to Coy Davis and wife, and to one Onie Mitchell Vineyard, relatives of hers, as tenants in common, the fee simple title to the farm, reserving to herself a life estate. It is to set aside this last deed of 1953, as void and a cloud on the title of complainants, that the bill was filed.
If the deed of Mary Howell in 1941 was valid, she had no transferable interest to convey in 1953, since she expressly reserved a life estate to herself in the deed to her husband in 1941, and made a like reservation in the deed of 1953.
The determinative question therefore, is whether the deed of Mary Howell to her husband, William Howell, was valid. The deed was accepted by William Howell and recorded by him in 1941, and so far as the record discloses, remained unquestioned and uncontested for more than 12 years. The purpose and intention of Mary Howell in making the deed to her husband, is admitted by the demurrer, and stated in the bill as follows:
"Complainants represent that on April 3, 1941, the said Mary R. Howell went to the office of D.S. Beeler, an attorney at law in Rutledge, Tennessee, and informed said attorney that she wished executed a deed to her husband for the 169 acre farm, and to terminate the tenancy by the entirety, reserving only a life estate, so that upon her death and that of her husband, the said William Howell, the property should descend and pass to the heirs at law of William Howell. Following her instructions the attorney prepared said Deed Exhibit "A" and the said Mary Howell signed, acknowledged and delivered same to her husband William Howell, who accepted said deed and had same recorded. That thereafter the said Mary R. Howell and her husband continued to reside on said premises and to make same their home and place of residence until the death of William Howell on March 11th, 1953, a period of 12 years. That during this period the said Mary R. Howell frequently made the statement to various persons, that she had made a deed for her interest in the farm to her husband William Howell, because he had worked hard to pay for the farm, and she wanted the farm to go to the Howell heirs."
The rights of the other Defendants to contest the conveyance of 1941, are no greater than those of Mary Howell, and she made no effort to contest it for 12 years. An estoppel and the statute of limitations are specially pleaded in the original bill (tr. p. 8).
In the present state of the law in Tennessee, the right of the wife to convey realty to her husband directly, is the same as the right of the husband to convey such realty to the wife. The effect of the Married *87 Women's Property Act of 1913, as amended by the Act of 1919, Code, § 8460, was to dissolve the "oneness" of the married state, and to empower one spouse to contract with the other as with a stranger, Alfred v. Bankers & Shippers Ins. Co., 167 Tenn. 278, 283, 68 S.W.2d 941; Campbell v. Campbell, 167 Tenn. 77, 66 S.W.2d 990; Elliott v. Markland, 26 Tenn. App. 222, 170 S.W.2d 662; Jefferson County Bank v. Hale, 152 Tenn. 648, 280 S.W. 408.
In the present case, the effect of Mary Howell's deed of 1941, was to convey to her husband, William Howell, fee simple title to the farm, subject only to her own life estate. Her expressed intention was to modify the tenancy by the entirety to effect that result.
In a recent case, Runions v. Runions, 186 Tenn. 25, 207 S.W.2d 1016, 1 A.L.R.2d 242, this Court considered a conveyance by a husband to his wife, by which he sought to create a tenancy by the entirety. By its decision, this Court held that because some of the common law unities were lacking, the deed did not create a tenancy by the entirety, but the Court expressly held the conveyance from husband to wife valid and effectual to carry out the intention of the husband to give the wife the right of survivorship in the property conveyed.
As authority for this action, the Court relied on the authority of McLeroy v. McLeroy, 163 Tenn. 124, 40 S.W.2d 1027, 1028; Hicks v. Sprankle, 149 Tenn. 310, 257 S.W. 1044; and Holt v. Holt, 185 Tenn. 1, 202 S.W.2d 650, 173 A.L.R. 1210. In McLeroy v. McLeroy, a mother, intending to create a joint tenancy, deeded certain property to her son and daughter. Holding that to carry out the grantor's legal intention, was the paramount rule of construction for deeds as well as for wills, this Court held the deed valid to transfer and create the right of survivorship. Speaking of the limited effect of the statute abolishing joint tenancy, the Court, through Mr. Justice McKinney, said:
"The authorities are practically unanimous in holding that such statutes in no wise abridge or prohibit the creation of an estate of survivorship by will or deed." McLeroy v. McLeroy, 163 Tenn. 124, 126, 40 S.W.2d 1027, 1028.
In Hicks v. Sprankle, supra, a wife owned certain realty in fee. She wished to give her husband the fee simple title to the land, if he should survive her. Such intention is identical with that of Mary Howell in the instant case. However, the method employed to reach the result was different in the Hicks case. In that case the husband and wife joined in conveying the property to themselves as tenants by the entirety. This Court upheld so much of the conveyance as ran from the wife to the husband, and the creation in him of a right of survivorship, but held that the conveyance by the wife to herself was a nullity, and that the deed did not create a tenancy by the entirety. Again, the Court said that the paramount rule of construction, was to carry out the intention of the parties, if such intention was lawful, and to be ascertained by considering the entire deed.
With these rules in mind, we hold that the deed delivered by Mary Howell to William Howell in 1941, compels a decision that the deed was effectual to give William Howell the fee simple title to the farm, subject only to the life estate reserved by the grantor for herself.
Counsel for both parties have cited a wealth of authority from other states. In able briefs, counsel for the appellees have found as many to support the Special Chancellor's decree as the Appellants have found for a reversal. The decisions present "an infinite variety" because of the varying history of the statutes for women's emancipation, community property of husband and wife, and the variety of facts on which questions were presented to the Courts. As we have indicated in our foregoing opinion, we have found that former decisions of this Court are adequate for a decision of this case.
It was argued on the basis of authority from other states, that the conveyance *88 of 1941 was of a testamentary character and not a deed. We hold that it was a deed. It was the intention of Mary Howell to make a deed; the document she executed is in the form of a deed; it is valid as a deed, and would be invalid as a will of realty.
A paper in the form of a deed duly acknowledged and legally delivered, giving certain designated land to a certain person at death of the giver, is an irrevocable deed, and not a testamentary paper. It conveys a present or vested remainder estate to be enjoyed after the death of the grantor. The reservation of a life estate by the grantor was meaningless, unless she intended a present interest to vest in the grantee. She thereby necessarily recognized the grantee as owner of the realty, subject only to her own life-estate. Johnson v. Mitchell, 20 Tenn. 168; Walls' Adm'r v. Ward, 32 Tenn. 648; Fry v. Taylor, 38 Tenn. 594; Swiney v. Swiney, 82 Tenn. 316; Davis, Adm'r v. Garrett, 91 Tenn. 147, 18 S.W. 113; Johnson v. Johnson, 103 Tenn. 32, 52 S.W. 814; Ellis v. Pearson, 104 Tenn. 591, 58 S.W. 318; Stamper v. Venable, 117 Tenn. 557, 97 S.W. 812; Scott v. Union & Planters' Bank & Trust Co., 123 Tenn. 258, 130 S.W. 757.
"If the vested right to the present or future enjoyment of some specific thing then owned by the donor, passes to a designated person, the instrument operates in praesenti, and is a deed; and the postponement of the possession and beneficial enjoyment until the death of the donor, does not make it a will." Sizer's Pritchard on Wills, Sec. 18, p. 19; Smith v. Pritchard, 22 Tenn. App. 321, 122 S.W.2d 829; Couch v. Hoover, 18 Tenn. App. 523, 79 S.W.2d 807.
We think it proper to add that if the case had been tried and argued before us on the proposition that by the deed of 1941, Mary Howell was estopped to make a subsequent valid conveyance in conflict with the provision of the deed of 1941, we would have reached the same result. Ruffin v. Johnson, 52 Tenn. 604; Poindexter v. Rawlings, 106 Tenn. 97, 59 S.W. 766; Ankenbauer v. Ankenbauer, 6 Tenn App. 221.
The assignments of error are sustained. The decree of the Special Chancellor is reversed, and the cause remanded to the Chancery Court of Grainger County for further proceedings consistent with this opinion. The appellee will pay the costs.
PER CURIAM.
The complainants in the trial court filed their original injunction bill in the Chancery Court, claiming to be the heirs at law of William Howell, deceased, charging that he and his widow, Mary Howell, became the owners in fee simple of an estate by the entirety to 169 acres of land by virtue of a deed of conveyance which was executed by the father of the said Mary Howell; that thereafter, to wit, on April 3, 1941, the said Mary Howell executed a deed to her husband in which she conveyed to him all of her right, title and interest in said land, reserving to herself a life estate in and to said property. The bill then charges that the said Mary Howell later attempted to convey the same lands by warranty deed to the defendants, Coy Davis and his wife, Pearl Davis, and one Onie Mitchell Vineyard, said deed being dated April 8, 1953. The bill further charged that Mrs. Howell was at that time 90 years of age and in feeble health and had no estate to convey to the defendants, and that her deed to them was a cloud upon the complainants' title. It appears that Mary Howell is in possession of said lands under her reservation of a life estate therein. The bill prayed for a decree to declare the deed to Coy Davis and his wife to be void and of no effect, and that title to said lands be decreed to complainants subject to Mrs. Howell's life estate.
A demurrer was filed to the bill and sustained by the Special Chancellor, and from his decree an appeal was prayed and granted to this Court.
The sole question at issue was whether or not the deed of Mrs. Howell to her husband *89 was effective to convey her interest in the land to him, reserving a life estate to herself. After a careful consideration by the entire Court we sustained the complainants' contention and held that said deed was a valid conveyance and remanded the cause for further proceedings.
The appellees, Davis and wife, have filed a petition to rehear, complaining that the decree of estoppel against Mary Howell is an error because she was not a party to the suit. The original opinion discloses no decree of estoppel against Mrs. Howell. It was held in the original opinion that her first deed to her husband in 1941 left nothing for her to convey except her life estate.
The petitioners further pray for an amendment allowing them to answer the bill. It is argued in the petition and supporting brief that the Court "overlooked the second and controlling restriction in the alleged deed of 1941 which expressly states the maker's intention and limits the estate conveyed to `such interest in the property described as Mary Howell may own at her death'." The foregoing was made the basis of petitioners' contention on the hearing that the instrument was invalid as a deed, but was a will, being testamentary in effect. This assignment was overruled for reasons stated in the opinion, and we see no reason to again review it.
The other assignments of error are a reargument of the case, i.e., that the tenant by the entirety has no "such interest as is transferable by deed by one tenant alone during the life of the other tenant."
The petitioners insist they would never have demurred "if the first restriction in the instrument was the only one"; that they thought the second reservation was clear and "they chose the short cut of demurrer to save a long delay, expense involved in taking proof" etc., that "if there is still any doubt in the Court's mind that they do have a perfect defense" that they be allowed to answer and show both the mental and physical condition of Mary Howell at the time and other facts precluding any thought of a deed.
We have construed the deed of Mary Howell to William Howell in 1941 as conveying to him her entire interest in the land subject to her life estate. The petitioners continue to urge upon us that the instrument is a will and not a deed. The original opinion cites a number of cases which sustains our holding that it was a valid deed and conveyed "a present or vested remainder estate to be enjoyed after the death of the grantor." The reservation of a life estate "would be meaningless unless she (Mrs. Howell) intended a present interest to vest in the grantee."
There is nothing in the record to suggest that Mrs. Howell, at the time she executed the deed of 1941 to her husband, was overreached or deceived by any one. The petitioners elected to make their defense upon the sole theory that the instrument in dispute was a will, and in its form was wholly ineffective to convey title. Now that we have held contrary to this contention they insist upon the right to a remand to enable them to make another defense, i.e., that she was incapable mentally and physically of executing the said instrument. With all deference to petitioners and their counsel, we do not think they are entitled to defend in part and when they lose pray the Court's permission to try the case upon another and different theory.
Judge GAILOR in concluding his review of the case said:
"We think it proper to add that if the case had been tried and argued before us on the proposition that by the deed of 1941, Mary Howell was estopped to make a subsequent valid conveyance in conflict with the provision of the deed of 1941, we would have reached the same result. Ruffin v. Johnson, 52 Tenn. 604; Poindexter v. Rawlings, 106 Tenn. 97, 59 S.W. 766; Ankenbauer v. Ankenbauer, 6 Tenn. App. 221."
We are in accord with this statement now as when first written and considered by the Court in conference so that we can see no reason for remanding the case to try it *90 again upon the issue of Mary Howell's incapacity, since under her first deed she "was estopped to make a subsequent valid conveyance in conflict with the provisions of the deed of 1941." The foregoing does not authorize any decree that Mrs. Howell is estopped, but it is a clear statement of a fact that she would not be permitted to disavow her deed. Moreover upon the argument of this case before the Court there was no insistence that Mrs. Howell in 1941 was incapable because of mental incapacity or otherwise from executing the deed to her husband, William Howell.
The petition to rehear is denied.