# ELLA MAST v. NELIA FORRESTER SHEPARD et al.—408 S.W.(2d) 411.

Eastern Section. March 29, 1966.

Certiorari Denied by Supreme Court, September 19, 1966.

474

Wilson & Wilson, Mountain City, for plaintiff-in-error, Ella Mast.

Lewis W. May, Mountain City, for defendant-in-error, Nelia Forrester Shepard, and others.

COOPER, J. Ella Mast filed this suit on June 12, 1964, in an effort to have the court set aside a deed executed by her and her late husband, J. N. Mast, conveying 90 acres of farm land to her son W. M. Shepard, now deceased; or, in the alternative, to have the court impress a lien on the property to provide for complainant's care and support. The named defendants were Nelia Forrester Shepard, Wetzel Paul Shepard and Richard Douglas Shepard, the widow and children of W. M. Shepard.

The grounds of attack upon the deed as set out in the amended bill were (1) that the deed was never delivered, (2) that the deed was never accepted by the grantee, and (3) that there was a complete failure of consideration in that the grantee had failed to provide for the care and support of Mrs. Mast and her husband as orally agreed at the time the deed was executed.

Nelia Forrester Shepard, being the sole heir under the will of W. M. Shepard, filed an answer denying all averments of the original bill and asserting her claim to the property. The other two defendants, who claimed no interest in the property, made no defense.

The cause was tried on oral testimony, and the Chancellor found that the evidence clearly established "actual delivery and actual acceptance of the deed in question" and that there was "no evidence of any contract of a collateral nature to support a claim against the estate or land in question to establish an obligation to support Ella Mast or the late J. N. Mast." The Chancellor was also of the opinion that "the proof, facts and circumstances in this case clearly constitute[d] the defense of estoppel against Ella Mast."

The Chancellor then entered a decree that the defendant Nelia Forrester Shepard was the owner of the real estate in question.

The administrator of the estate of the complainant, Mrs. Mast having died after the hearing of the cause and before the opinon of the Chancellor was filed, perfected an appeal challenging the findings of the Chancellor and his conclusions based thereon.

The record shows that Ella Mast, being fearful that her son W. M. Shepard could not inherit from her as he

was illegitimate, persuaded her husband J. N. Mast to join with her in conveying the land in question to W. M. Shepard, subject to a life estate in J. N. Mast. The deed, which was executed and acknowledged on December 26, 1932, showed the consideration for the conveyance to be "One Dollar—and the love and affection we entertain toward the said W. M. Shepard."

The Shepards built an inexpensive house on the farm in 1932 and lived there for two or three years. They returned to the farm in 1938, constructed a second house and stayed for several months until the coal fields in Kentucky reopened.

The deed to the land was recorded on May 25, 1948, at the instance of Mrs. Mast. Mrs. Mast, in company with the defendant, went to the Register's Office to get the deed. At that time, Mrs. Mast stated that she desired to "pick up Will's land deed."

J. N. Mast died in 1957. W. M. Shepard then went on the land and began to clear it, but was prevented from doing so by ill health.

Mrs. Mast continued to live on the farm, to collect the small rent from the tenant, and to pay the taxes.

W. M. Shepard died in 1963 and the deed in question was found with a government bond in the Shepard home in an envelope bearing the inscription "W. M. Shepard's Land Deed". The inscription was in the hand of W. M. Shepard.

■ It is elementary that a deed is not effective until after its delivery by the grantor to the grantee or to someone for him with the intention that it became effective as a conveyance. Cox v. McCartney, 34 Tenn.App.

235, 236 S.W.2d 736; Couch v. Hoover, 18 Tenn.App. 523, 531-534, 79 S.W.2d 807, 811-813, and numerous cases there cited. See also 7 Thompson on Real Property (Perm.Ed.), Sec. 4110, p. 555-559, wherein it is stated:

"Delivery is an essential part of the execution of a deed. It does not take effect until there is delivery to the grantee, either actual or constructive. The delivery of a deed which has been knowingly executed with the intention of transferring title completes the transaction so far as the title is concerned and vests title in the grantee. A deed without delivery is void ab initio, and in the absence of delivery all other formalities are ineffectual to pass title."

■ Delivery is a matter of intention manifested by conduct, words, and acts of the grantor; and it is to be inferred from all the circumstances appearing. Cox v. McCartney, 34 Tenn.App. 235, 236 S.W.2d 736.

■ One circumstance which evidences a strong presumption of delivery is the recording of the deed under the direction and with the knowledge of the grantor (Thompson v. Jones, 38 Tenn. 574; Swiney v. Swiney, 82 Tenn. 316; Davis v. Garrett, 91 Tenn. 147, 18 S.W. 113), especially where the recorded deed is found among the valuable papers of the grantee after the grantee's death.

Mrs. Mast testified that the true consideration for the deed was an oral promise by W. M. Shepard to provide for the care and support of her and her husband, and, as the support was not forthcoming, the deed was never delivered. She explained that the deed was recorded in 1948 in the hope that her son would undertake the obligation of support, and that when he did not do so, the deed was not delivered but was stored in a chest in her home.

Mrs. Mast further testified that the deed disappeared from the chest in 1958 while she was on a visit to Pennsylvania, and while the Shepards were doing some painting and repair work in her home.

The Chancellor who heard the case on oral testimony chose not to accept Mrs. Mast's testimony. Frankly, we find her testimony on the issues of delivery and consideration to be unreasonable and improbable in view of Mrs. Mast's admitted failure to take any action to recover the deed after its alleged theft or to secure support for herself, or even to mention the alleged theft to others or to the Shepards during her many and long visits in the Shepard's home between the time of the alleged taking and the death of Mr. Shepard in 1963. In fact the record shows that the friendliest of relationships existed between Mrs. Mast and her son and daughter-in-law until the death of W. M. Shepard and it became apparent that the defendant would take the property under Mr. Shepard's will. Then, as noted by the Chancellor, the inference to be drawn from evidence in the record is that Ella Mast was influenced to try to regain the property by those having an interest in Mrs. Mast's estate rather than by "the clear decision in her own thinking."

Counsel for complainant insists that the retention of control of the farm by Mrs. Mast after the death of her husband was indicative that the deed transferring title to W. M. Shepard, subject only to a life estate in Mr. Mast, had never been delivered. Certainly, this is a circumstance to be considered, but we do not think it necessarily requires us to conclude that the deed was not delivered in view of evidence that W. M. Shepard started clearing the land after the death of Mr. Mast and was prevented from doing so only by ill health, and evidence

of the love and affection that the Shepards had for Mrs. Mast, who had made her home on the property for over 40 years.

■ Counsel for complainant also advances the argument that evidence of delivery of the deed was dependent upon the uncorroborated testimony of Mrs. Shepard, the heir of the donee beneficiary, and that it was therefore insufficient. We agree with counsel that the uncorroborated testimony of a donee will ordinarily be deemed insufficient to establish delivery, especially where the donee had access and could have obtained possession of the deed without delivery by the donor (Cox v. McCartney, 34 Tenn.App. 235, 236 S.W.2d 736) but we do not agree that proof of delivery of the deed in this case is dependent upon the uncorroborated testimony of Mrs. Shepard. To find so one would have to ignore evidence that the deed was recorded by the grantor and was found in the valuable papers of the grantee after his death, which occurred 31 years after the deed was executed and 15 years after the deed was recorded, and also to ignore the fact that the grantor by her own admission knew the deed was in the possession of the grantee for several years prior to his death and took no action to assert her claim that the deed was invalid.

■ From our reading of the record, we have concluded, as did the Chancellor, that the preponderance of the evidence supports the finding that there was a complete delivery and acceptance of the deed. We also agree with the Chancellor that the consideration for the deed was the love and affection that Ella Mast and J. T. Mast had for W. M. Shepard and Mrs. Mast's fear that her son would not inherit her interest in the property.

The assignments of error of complainant are overruled, and the decree of the Chancellor is affirmed. Costs incident to the appeal are adjudged against the Estate of Ella Mast, deceased, and its sureties on the appeal bond.