**Arbutus Ogle McCRACKEN et al.,**
**Appellants,**

v.

**Mattie Stinnett MANIS et al., Appellees.**

Court of Appeals of Tennessee,
Western Section.

July 19, 1971.

Certiorari Denied by Supreme Court

Jan. 3, 1972.

E. Michael Ellis, Child & O'Connor, Charles D. Susano, Jr., Knoxville, Hendry & Sykes, Gatlinburg, for appellants.

Frank L. Flynn, Sr., Flynn & Flynn, Knoxville, Richard W. Lykens, R. B. Hailey, Hailey, Waters & Jarvis, Sevierville, for appellees.

CARNEY, Presiding Judge.

Upon the trial below in Circuit Court upon an issue devisavit vel non a jury found that a paper writing offered for probate in common form was the last will and testament of the deceased, D. W. McCarter. Mr. McCarter died on January 1, 1968, at the age of 97. The paper found to be a holographic will was dated September 15, 1951.

The appellants are children of deceased daughters of the alleged testator, D. W. McCarter. They take nothing under the will. Principal appellee is Ashley C. McCarter, a son of D. W. McCarter, and sole beneficiary under the holographic will. The other appellee is Mrs. Mattie Stinnett Manis, the administratrix with the will an-

nexed, a granddaughter of the deceased D. W. McCarter. Mrs. Manis received nothing under the will.

The appellants have made only two assignments of error: (1) that the Trial Judge erred in not directing a verdict for the appellants since the instrument exhibited upon its face a present transfer of realty and (2) the Trial Court erred in admitting into evidence statements of the deceased without special instructions to the jury concerning the manner in which such statements were to be treated as evidence.

Mr. McCarter died intestate to a portion of his real estate and the appellants as his heirs will share in the intestate property. For several years prior to September 15, 1951, Mr. McCarter had lived in the home of his son, Ashley McCarter, which was located on the real estate allegedly devised under the will in question. Previously, Mr. McCarter had given his son a deed to a portion of the property involved. The son reconveyed the property to his father by deed properly placed of record in the Register's office of Sevier County prior to September 15, 1951, the date of the alleged will. The holographic will in controversy remained in a drawer of a sewing machine in the appellee Ashley McCarter's home from September 15, 1951, until the death of D. W. McCarter. After D. W. McCarter's death, it was filed for registration in the Register's office of Sevier County by the appellee, Ashley McCarter, upon instructions given him by his father, D. W. McCarter, during D. W. McCarter's lifetime.

When litigation which questioned the effectiveness and/or legality of the paper writing as a deed was filed or threatened, the appellant Ashley C. McCarter filed the same for probate in common form in the County Court of Sevier County as the last will and testament of his father, D. W. McCarter, on or about August 9, 1968.

The paper writing was admitted to probate in common form and Ashley McCarter was named Administrator C.T.A. having previously been appointed Administrator of the estate of D. W. McCarter. On September 6, 1968, Ashley McCarter resigned as Administrator C.T.A. to avoid a possible conflict of interest. The appellee, Mrs. Mattie Stinnett Manis, was named as Administratrix with the will annexed.

The handwritten document in question is difficult to read but we copy the same from the photostatic copy contained in the record as follows:

"September the 15, 1951

Mr. D. W. McCarter in consideration and agreement with Ashley McCarter and agreed that he will support me as long as I live and see that I am cared for well and do hereby transfer a certain track (sic) or parsel (sic) of land to Ashley McCarter to support me as long as I live and see that I am cared for well the following parcel or track (sic) of land it being situated in the leventh (sic) civil district of Sevier County Tennessee and on the waters of Dudley Creek and this land shall be mine as long as I lived and Bounded as follows. . . . . to have and to hold to the said Ashley McCarter forever with appurtenances and all intrests thereupon Belong and covnant (sic) that I am lawful right to convey it and that I will warrant and defend the title against the lawful clames (sic) of all persons whomsoever.

Witness my hand this September the 15, 1951

Atest (sic)

/s/ Danny McCarter
/s/ Annette Moore

/s/ D. W. McCarter
Sworn to and Subscribed before me, this 11 day of Oct. 1951
/s/ Ray Miller        Clerk"

The two subscribing witnesses, Danny McCarter and Annette Moore, testified that the deceased, D. W. McCarter, asked them to witness his will. The former County Court Clerk, Ray Miller, testified that Mr. McCarter asked him to notarize his will and that he, Miller, stated that it was somewhat unusual to notarize a will but that the County Judge told him that it wouldn't hurt anything and, therefore, he did notarize the document in question as the will of Mr. McCarter. The entire document is in the handwriting of Mr. McCarter.

■ It is the insistence of the appellants that the paper writing in question is either a deed purporting to convey a present interest in real estate or it is an executory contract for services to be rendered to the decedent. Appellants cite and rely upon the cases of Howell v. Moore, 14 Tenn.App. 594; Smith v. Prichard, 22 Tenn.App. 321, 122 S.W.2d 829; Nicley v. Nicley, 38 Tenn. App. 472, 276 S.W.2d 497; Howell v. Davis, 196 Tenn. 334, 268 S.W.2d 85; Carmody v. Trustees of Presbyterian Church, 29 Tenn. App. 275, 203 S.W.2d 176; Savage v. Bon Air Coal, Land & Lumber Co., 2 Tenn.Ch. App. 594; Evans v. Lauderdale, 78 Tenn. 73.

■ We have considered these cases and are of opinion that they are not controlling of the case at bar. We hold that there was ample evidence from which the jury below could find that the paper writing involved in this case was intended by Mr. McCarter to be his last will. This holding is based upon our Tennessee cases of Scott v. Atkins, 44 Tenn.App. 353, 314 S.W.2d 52; Smith v. Weitzel, 47 Tenn.App. 375, 338 S.W.2d 628; In re Padgett's Will, 51 Tenn.App. 134, 364 S.W.2d 947. The intent of the grantor is to be determined from the entire instrument read in the light of the circumstances surrounding its drafting and execution.

Therefore, assignment of error No. I is respectfully overruled.

■ In support of assignment of error No. II the appellants insist that the court was in error in not informing the jury of the limited purposes for which statements of various witnesses concerning declarations by the deceased were admitted. Appellants offered no special requests to the Trial Judge limiting the admissibility of the statements and the Trial Court will not be put in error for failure to charge the jury relating thereto. McClard v. Reid, 190 Tenn. 337, 229 S.W.2d 505; Lyman v. American National Bank & Trust Co., 48 Tenn.App. 328, 346 S.W.2d 289; Bluff City Buick Co. v. Davis, 204 Tenn. 593, 323 S.W.2d 1.

Assignment of error No. II is, therefore, respectfully overruled.

The decree of the lower court is affirmed at the cost of the appellants.

MATHERNE and NEARN, JJ., concur.