IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**WILLIAM J. BUNCH,**

     Plaintiff-Appellee,

Vs.

**WALTON I. BUNCH and
STEVEN B. BUNCH,**

     Defendants-Appellants.

Gibson Chancery No. 11676
C.A. No. 02A01-9705-CH-00106

**FILED**

**January 8, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

FROM THE GIBSON COUNTY CHANCERY COURT
THE HONORABLE GEORGE R. ELLIS, CHANCELLOR

L. L. Harrell, Jr.; Harrell & Harrell of Trenton
For Appellee

G. Griffin Boyte of Humboldt
For Appellants

*REVERSED AND DISMISSED IN PART; AFFIRMED IN PART*

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**HOLLY KIRBY LILLARD, JUDGE**

**HEWITT P. TOMLIN, JR., SENIOR JUDGE**

This case involves a suit to partition certain real and personal property owned by three

brothers as joint tenants with the right of survivorship. Walton and Steven Bunch appeal the

order of the trial court granting the sale for partition.

William, Walton and Steve Bunch are brothers and own certain real and personal property in Gibson County as joint tenants with right of survivorship. They inherited this property from their father as tenants in common, but subsequently created the joint tenancy with right of survivorship in 1981, on the advice of counsel, in the belief that it would help keep the property in the Bunch family. Appellant Steve Bunch was the primary caretaker of the farm, but received occasional assistance from both brothers.

Appellee William Bunch filed a complaint seeking to have the property sold and the proceeds divided equally between the three brothers. William asserted that Steve had never provided an accounting and that he felt that a farm that size should generate more income than the two to three hundred dollars he received as his share each year. Steve and Walton each filed an answer and counter-complaint seeking $12,081 and $1,416 respectively for services rendered. However, both Steve and Walton testified at trial that at the time they rendered their services, they never expected to be paid.

After a hearing, the chancellor: (1) ordered a sale of the real and personal property pursuant to T.C.A. § 29-27-101; (2) awarded appellant Steve Bunch $4,850 for his services; and (3) dismissed Walton's counter-claim. Appellants' Motions to Alter or Amend Judgment or for a New Trial were denied. Appellants have appealed and present five issues for review which we have reworded as follows:

> 1. Whether a joint tenancy with right of survivorship is capable of being sold for partition;
>
> 2. If so, can a joint tenant who participated in the creation of the joint tenancy later seek its partition, or is he bound by contract or estoppel?;
>
> 3. Did the trial court err in awarding Steve Bunch only $4,850 of the $12,081 claimed for services rendered to the estate?;
> 4. Did the trial court err in dismissing appellant Walton Bunch's counter-claim for compensation for services rendered to the estate?; and
>
> 5. Did the trial court err in directing that the compensation awarded to Steve Bunch be paid out of the sale proceeds which would, in effect, result in Steve paying a portion of his own judgment?

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law.

T.R.A.P. 13(d).

## PARTITION OF A JOINT TENANCY

At common law, when a conveyance was made to two or more unmarried persons where the unities of time, title, interest and possession were present, a joint tenancy with the right of survivorship was created by operation of law, unless the instrument specified that creation of a tenancy in common was intended. *Jones v. Jones*, 185 Tenn. 586, 206 S.W.2d 801 (1947). Tennessee abolished the survivorship aspect of joint tenancies created by operation of law by statute in 1784. *See* T.C.A. § 66-1-107 (1993) (current version of the 1784 statute). However, parties can still create estates of survivorship where the instrument creating the estate, whether deed or will, evidences such an intention. *Jones,* 206 S.W.2d at 803; *McLeroy v. McLeroy*, 163 Tenn. 124, 40 S.W.2d 1027 (1931). Although appellee William Bunch claims that he would not have signed the deed creating the joint tenancy if he had understood the significance of the right of survivorship, the question before this Court is not whether the tenancy created is valid, but whether partition can be had against the will of one or more joint tenants.

In Tennessee, partition is provided for in T.C.A. § 29-27-101:

> Any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter.

T.C.A. § 29-27-101 (1980). Appellants assert that since the element of survivorship in joint tenancies was abolished by statute in 1784, the legislature could not have intended to allow the partition of joint tenancies with the right of survivorship when it enacted the partition statute, on which the current version is based, in 1787. We disagree, because the statute only abolished the right of survivorship in joint tenancies created by operation of law, and the right of parties to specifically provide for a right of survivorship has not been abridged. *Jones v. Jones*, 185 Tenn. 586, 206 S.W.2d 801 (1947). A joint tenancy with the right of survivorship will be recognized as valid, as long as the instrument creating the tenancy manifests an intent to create a right of survivorship. *Id.* Therefore, the legislature cannot be said to have disallowed the right of joint tenants to partition on the basis that such an estate does not properly exist.

We have been unable to locate any Tennessee case that deals directly with the right of a joint tenant to seek partition of a joint tenancy with right of survivorship in cases where the

partition is opposed by the other joint tenants. However, our research revealed cases comparing and contrasting joint tenancies with tenancies by the entirety that discuss this issue tangentially or in dicta. For example, in distinguishing a joint tenancy from a tenancy by the entirety, the Tennessee Court of Chancery Appeals stated "[a] severance of a joint tenancy may be made, and the estate thereby turned into a tenancy in common, by any one of the joint owners, at his will." *Tindell v. Tindell*, 37 S.W. 1105, 1106 (Tenn. Ch. App. 1896). Similarly, in addressing the main issue of whether an interest in property passed to one joint tenant at the death of the other, the Tennessee Supreme Court stated: "One joint tenant can convey his interest in land without the joinder of the other tenant." *McLeroy*, 163 Tenn. at 127. Most convincing, however, is the 1889 Tennessee Supreme Court case of *Bierce v. James*, 87 Tenn. 538 (1889), where the Court discussed in detail the development of the state's partition statute. The statute in effect at the time of *Bierce* defined the persons entitled to have partition or sale for partition, as those "having an estate of inheritance, or for life, or for years, in lands, and holding and being in possession thereof as tenants, in common or otherwise, with others." Code of 1858 § 3262. This statute is virtually identical to the one currently in effect. We quote from the Court's discussion of the development of the partition statute as embodied in the Code of 1858:

> Before [the enactment of the Code of 1858] several changes were made by which the very limited statutory right of partition between claimants "of the estate of an intestate" (Act 1787) was so enlarged and extended as to permit of partition, and sale for partition, not only of such estates, but of all estates held under will or deed, by tenants in common, or tenants in coparceny, joint tenants, or otherwise.

> The Code, with a slight change in phraseology, included the material provisions of all the various Acts preceding, in some instances by appropriate section, and in some by condensing several sections into one, by including in a single statement claimants and interests provided for in separate Acts.

> \*       \*       \*       \*

> The Act of 1789 extended the right to *partition* to tenants in common, and provided that "where real estate may be held by two or more persons as tenants in common, they shall and may have the same liberty and privilege of having their estates divided as provided by the Act of 1787 for dividing the estates of intestates."

> In 1799 the partition law was so amended as to define the right of partition as extending to any "persons holding lands, tenements, or hereditaments in fee simple, or for a less estate as tenants in common, or as joint tenants, or in coparceny or

4

otherwise," by providing for the mode of proceeding such persons should adopt in order to have partition.

\*　　　　\*　　　　\*　　　　\*

It is enough to say of all these statutes that while at different times, and in different terms, provision was made for parceners, tenants in common and joint tenants, the effect of all was to permit partition or sale for partition in a proper case to all these tenants or holders of any undivided interest in connection with others, whatever it may have been.

***Bierce v. James***, 87 Tenn. 538, 540-42 (1889).

On the authority of ***Bierce***, ***Tindell***, and ***McLeroy***, we hold that an estate held by joint tenants with the right of survivorship may be partitioned, or sold for partition in an appropriate case, at the instance of one or more joint tenants, whether or not all joint tenants join in the petition. This holding is in line with the majority rule and is stated as the general rule in 59A Am. Jur.2d *Partition* § 27 (1987); 68 C.J.S. *Partition* § 1 (1950); 20 Tenn. Jur. *Partition* §§ 2-4 (1997); and Roger A. Cunningham et al., *The Law of Property* § 5.11 at p.223 (West 1993). Furthermore, allowing such a partition is consistent with "the policy of the law to give each person his own in severalty and not to force him to continue in partnership with another." ***Nicely v. Nicely***, 41 Tenn. App. 179, 183, 293 S.W.2d 30, 32 (1956).

We now turn to the question whether a joint tenant who participated in the creation of the joint tenancy can later seek its partition. Appellants assert that since William Bunch acted with his brothers to create the joint tenancy, he is estopped from now seeking its destruction. We cannot agree. Under the facts of this case, we can find no detrimental reliance on the part of the appellees that would warrant the application of an estoppel. Nor can we find any contractual basis under which to deny William his right to seek a partition. Courts of other states have denied partition in cases where a cotenant has entered into an agreement not to partition. *See, e.g.,* Wade R. Habeeb, Annotation, *Contractual Provisions as Affecting Right to Judicial Partition*, 37 A.L.R.3d 962 (1971). However, in this case we can find no evidence of such an agreement, either express or implied. We hold that the trial court did not err in granting the petition of William Bunch for a sale for partition of the real and personal property owned jointly by the three brothers. Since the manner of partition was not questioned on appeal, we assume that the parties agree that the property in question is not suitable for partition in kind. Therefore,

the trial court's decision to order a sale for partition will not be disturbed on appeal.

COMPENSATION FOR SERVICES TO THE JOINT ESTATE

Issues 3, 4 and 5 regarding compensation for services rendered to the jointly owned estate will be treated together. The trial court denied Walton Bunch's claim for services rendered to the estate, but awarded Steve Bunch $4,850 "for management of the property." Neither side has presented any authority which allows a joint tenant to be compensated for services rendered to the joint estate, nor are we able to find any Tennessee case law on point. Tennessee law does provide, however, that in distributing the proceeds of a partition sale, a cotenant in sole possession of the property is liable to the other cotenants for rents and profits received in excess of his pro rata share. *Omohundro v. Elkins*, 109 Tenn. 711, 71 S.W. 590 (1902); *Johnson v. Johnson*, 53 S.W. 226 (Tenn. Ch. App. 1899). Furthermore, where one tenant has made improvements to the property, he is entitled to an allowance for the cost of the improvements to the extent the value of the land was enhanced. *Uhlhorn v. Keltner*, 723 S.W.2d 131 (Tenn. App. 1986); *Wilburn v. Kingsley*, 3 Tenn. App. 88 (1926). However, we are persuaded by other jurisdictions who have held that absent an agreement, a cotenant is not entitled to credit for the value of personal services in managing and caring for the property. *See* Roger A. Cunningham et al., *The Law of Property* § 5.12 at p. 228 (West 1993) (citing *Goodenow v. Ewer*, 16 Cal. 461 (1860); *Baird v. Moore*, 141 A.2d 324 (N.J. Super. Ct. App. Div. 1958); *Myers v. Bolton*, 52 N.E. 114 (N.Y. 1898)). There is no evidence of such an agreement in this case and the testimony of the parties makes it clear that at the time services were rendered, compensation was not contemplated.

For the foregoing reasons, we hold that none of the parties are entitled to receive compensation for the value of services rendered for the care and management of the jointly held estate.

The judgment of the trial court awarding Steve Bunch $4,850.00 is reversed, and his counterclaim is dismissed. The judgment is otherwise affirmed. Costs of the appeal are assessed against the appellants.

_____

                                              **W. FRANK CRAWFORD,**
                                              **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**HOLLY KIRBY LILLARD, JUDGE**


_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**

7