MANN v. RUSSEY.

(*Nashville.* December 20, 1898.)

1. PAROL SALE OF LAND. *Value of improvements not recoverable, when.* ·

Upon disaffirmance and rescission of a parol sale of land by the vendee or his heirs, there can be no recovery in a Court of Equity for the enhanced value of the land by reason of permanent improvements placed thereon by the vendee, unless at the time of making them he intended in good faith to carry out his contract, and failed to do so because of default or wrong of the vendor. (*Post, pp. 597, 598.*)

Case cited and approved: Rainer v. Huddleston, 4 Heis., 223.

2. SAME. *Value of improvements recoverable, when.*

But the vendee and his heirs are justified in their disaffirmance and rescission of a parol sale of land, and entitled to recover for the enhanced value of the property by reason of permanent improvements placed thereon by them, when the vendor, a man of intelligence, sold the land for at least six times its value to an ignorant negro, of very infirm mental capacity, often engaged in the vendor's service. (*Post, pp. 598, 599.*)

Cases cited and approved: Birdsong v. Birdsong, 2 Head, 291; Deadrick v. Watkins, 8 Hum., 520; Coffin v. Ruffin, 4 Cold., 487; 15 How., 42.

---

FROM FRANKLIN.

---

Appeal from Chancery Court of Franklin County. T. M. McCONNELL, Ch.

J. M. LITTLETON for Mann.

C. B. RUSSEY and W. H. BRANNON for Russey.

BEARD, J. The bill in this cause was filed by the widow, in her own right and as administratrix of a deceased vendee, as. well as next friend of his infant heirs, against the defendant, as vendor, for the purpose of having set aside a parol sale of land, and compelling the defendant to account for so much of the purchase money as he had received, and also for permanent improvements placed upon the property by this vendee while in possession, in so far as they had enhanced its value.

No controversy is made that this sale rested in parol, and of the right of the heirs of the vendee to disaffirm, or of the administratrix to recover the purchase money paid (the statute of limitation alone out of the way), with interest, less rents accrued during occupancy by the vendee. The real objection made by the defendant is to so much of the claim of complainant as covers the enhanced value of the property from the permanent improvements made by the vendee. This objection rests on the fact that, while defendant is urging a consummation of the contract of sale and purchase, and is pressing a payment of the balance of the purchase money and acceptance of a deed by the complainants, they are repudiating the contract. For this contention the defendant relies on the rule announced in *Rainer* v. *Huddleston*, 4 Heis., 223, which is, that a vendee in a

parol sale of land who comes into a Court of Equity claiming compensation for improvements made by him, will be repelled, unless at the time of making them he intended in good faith to carry out his contract of purchase, and fails to do so because of a default or wrong of the vendor. This rule is a sound one, and it has been repeatedly recognized in subsequent cases.

If it were true that the defendant was, as his contention assumes, free from fault, and the failure to carry out the contract was attributable to the vendee or his privies in estate, then he could invoke the protection of the rule in question. But the record discloses that the defendant sold to the ancestor of complainants this property at a grossly exaggerated price—for a consideration at least six times in excess of its real value.

It is true, as is insisted, that mere inadequacy of consideration, or, to state it differently, inequality between the value of the subject-matter of the contract and the price agreed to be paid for it, will not induce a Court of Equity to avoid the contract at the instance of either party to it. But it is equally true that if this inequality or inadequacy be "so strong, gross, and manifest that it must be impossible to state it to a man of common sense without producing an exclamation of the inequality of it" (*Gwynne* v. *Heaton*, 1 Br. Ch., 1), there will arise a presumption of fraud on the part of him who takes the excessive benefit from the bargain. Par-

Mann v. Russey.

ties competent to contract have a right, without legal interference, to make their own agreement, and fix any price they see proper to receive or pay for property. Whenever they do this deliberately and knowingly, then their contracts are beyond impeachment, whether the price agreed upon be very great or very small. It is only when the contract presents, unexplained, a case of gross inequality that the presumption of fraud arises. This presumption, however, is one of fact, and, therefore, is rebuttable. But in the absence of clear and satisfactory evidence, on the part of him who seeks the benefit of the contract, that it was entered into with deliberation or knowingly by the party resisting or repudiating it, then the presumption becomes conclusive. 2 Pomeroy's Eq., Sec. 927, note 3; 2 Warvell on Vendors, p. 846; *Deadrick* v. *Watkins*, 8 Hum., 520; *Coffin* v. *Ruffin*, 4 Cold., 487; *Eyre* v. *Potter*, 15 How. (U. S.), 42; *Birdsong* v. *Birdsong*, 2 Head, 291.

In this case we have very great inequality between the value of the property sold and the price which the vendor agreed to pay for it, without any effort on the part of the vendor to rebut, by any competent evidence, the presumption of fraud arising therefrom. On the contrary, the conceded fact that the vendee was an ignorant negro of very infirm mental capacity, often engaged in the service of the vendor, who, the record discloses, is a man of intelligence, necessarily strengthens this presumption.

There is nothing in the case which precluded the complainants from relying upon this fraud in meeting or repelling the insistence of the defendant on this point.

Other objections made by the defendant have been disposed of orally.

The decree of the Court of Chancery Appeals is affirmed.