Ellis *v.* Pearson.

104  591
d116   12
e117  563

ELLIS   *v.*   PEARSON.

(*Jackson.*   May  24,  1900.)

1. WILL.   *Paper that constitutes.*

The following paper is not a deed, but a will, viz.: "Know all men by these presents: That I, J. H. Pearson, do give to my wife, after my death, the following described tract of land (describing it).   I reserve the right in me, J. H. Pearson, to sell or dispose of the above described land till my death.   When I sell or convey the above, this gift is of no effect.   After my death, if my wife, L. M. Pearson, wants to sell, I give her the right to do so, for the love I have for her."

Cases cited: Armstrong *v.* Armstrong, 4 Bax., 358; Wall *v.* Ward, 2 Swan, 648; Swails *v.* Bushart, 2 Head, 561.

2. DEED.   *Of married woman.*

A married woman's deed, in which her husband does not join, purporting to convey her general estate in land, is a nullity.

Cases cited: Cope *v.* Meeks, 3 Head, 385; Gillespie *v.* Worford, 2 Cold., 637; Walton *v.* Gaines, 94 Tenn., 420.

---

FROM  HAYWOOD.

---

Appeal  from  the  Chancery  Court  of  Haywood County.   JOHN S. COOPER, Ch.

J. W. E. MOORE for Ellis.

KENNEY & WILLS for Pearson.

BEARD, J. On the 1st of May, 1893, J. H. Pearson executed to his wife, L. M. Pearson, the following paper writing:

"Know all men by these presents: That I, J. H. Pearson, do give to my wife, after my death, the following described parcel of land lying in Haywood County, District No. 10, it being the southwest corner of my land, . . . containing forty acres, more or less. I reserve the right in me, J. H. Pearson, to sell or dispose of the above described land till my death. When I sell or convey the above, this gift is of no effect. After my death, if my wife, L. M. Pearson, wants to sell, I give her the right to do so, for the love I have for her."

On the same day, and it is alleged as a part of the same transaction, the wife executed a written instrument, which is as follows:

"I, L. M. Pearson, have this day signed away my interest to the lands of my husband to his first wife's four children, and also to the last four children, which are his and mine, . . . this land lying in Haywood County, in District No. 10, . . . with the exception of forty acres, which leaves 150 acres, more or less. This forty acres is in the southwest corner of my husband's lands. . . . I do convey the above described land to J. H. Pearson's children, for the love I have for them."

These two inartificial papers were signed by the

respective parties—that is, the first by the husband and the second by the wife alone. Subsequently, they were each acknowledged and placed on the Register's records. The forty-acre tract had upon it the residence, which was then occupied by the hnusband and wife, and which continued to be so occupied by them until his death several years thereafter, and by the surviving wife until her death, about one month later.

This present bill was filed by the children of the first marriage of J. H. Pearson against the children of his second marriage, and raises, among others, a question as to the character and effect of these two instruments. Upon demurrer, the Chancellor decreed that the writing executed by the husband is of a testamentary character, and that by the wife is a nullity. This ruling is assigned for error on this appeal.

Whether a paper is to operate as a will or deed depends upon the intention of the maker, to be gathered from its language. *Armstrong* v. *Armstrong,* 4 Bax., 358. In order that it be held a deed, it must convey an interest to take effect *in presenti,* though the enjoyment of this interest may rest *in futuro.* *Wall* v. *Ward,* 2 Swan, 648. It is otherwise as to a will; it speaks as of the death of the testator. The instrument may be in the form of a deed, it may be supported by a consideration, and by its maker be called

20 P—38

a deed, yet if it purports to convey a title which does not arise until the death of the maker, it is, nevertheless, a will. *Babb* v. *Harrison,* 9 Rich. Eq., 11 (S. C., 70 Am. Dec., 203); *Hazleton* v. *Reed,* 46 Kan., 73 (S. C., 26 A. S. R., 86).

Tested by these rules, we think there is no difficulty in determining the first of these writings to be testamentary in character. The maker, by its terms, gives to his wife this forty-acre tract, but this is "after my [his] death." If this phraseology left his intention obscure as to when the gift was to take effect, we think the concluding clauses clear up the obscurity. The donor reserves the right to sell or dispose of the land during his life, and provides that, should he do so, "the gift is of no effect." Thus he retains full dominion over the property, with the power to defeat his gift by deed or will properly executed. It is only after his death, it remaining undisposed of by him to that time, that the the wife's right or estate becomes effectual. This being so, the paper is testamentary in character and not a deed, and the Chancellor properly so held. *Robinson* v. *Brewster,* 140 Ill., 649 (S. C., 33 A. S. R., 266); *Johnson* v. *Yancy,* 20 Ga., 707 (S. C., 65 A. D., 646); *Babb* v. *Harrison,* supra, and *Hazelton* v. *Reed,* supra.

Nor is there anything in *Wall* v. *Ward,* supra, and *Swails* v. *Bushart,* 2 Head, 561, in conflict

with this view. The donor, in the first of these cases, conveyed certain slaves to his donees, the gift to take effect at the termination of his natural life, and it was held that the instrument in question was a deed which, by its terms, vested an estate in remainder in the donees, taking effect in enjoyment, however, only at the termination of the life estate, which the maker reserved to himself. In *Swails* v. *Bushart,* while the interest in question postponed the enjoyment by the donees of the property conveyed until the death of the donor, yet said the Court, "it lacked nothing in form, substance, or legal ceremonies to give it complete effect as a title to the remainder in this slave *in presenti,* and therefore it is a deed, and not a will."

In neither of them, as in the present case, was the power reserved to the donor to destroy what he had created, to defeat the ultimate enjoyment of the estate given, by a disposition thereof in any of the modes open under the law to accomplish this purpose. Not only in general phraseology, but especially in this radical respect, do they differ from the case at bar.

We also agree with the Chancellor in his view of the instrument executed by the wife. At common law the deed of a married woman, her husband failing to join, was not merely voidable, but absolutely void *at initio.* 2 Black. Com., 293. It is equally so in this State, save in excep-

tional cases, statutory and otherwise, of which the present is not one. "It is indispensable that the husband," said this Court, in *Cope* v. *Meeks*, 3 Head, 385, "shall be a party to his wife's conveyance. She has has no power . . . to convey by her own deed; and such a case is simply a nullity." To the same effect is *Gillespie* v. *Worford,* 2 Cold., 637. In other words, it is as if it did not exist. And so, at the instance of any party who finds such an instrument in his way, the Courts will hold it to be void. In this regard a deed of a *feme covert* differs from one executed by a minor. In the latter case, the deed is voidable, so that its repudiation is a personal privilege, to be exercised alone by the maker within a proper period after reaching majority, or by his privies in blood. *Walton* v. *Gaines,* 94 Tenn., 420.

The decree of the Chancellor is affirmed and the cause is remanded for further proceedings.