## S. R. STAMPER *et al. v.* W. M. VENABLE *et al.*

### *(Knoxville.* September Term, 1906.)

1. **ESTOPPEL.** Litigant must maintain consistent position.
   One who has deliberately taken a particular position in the course of litigation, without mistake induced by the opposite party, must act consistently therewith throughout the litigation.

2. **WILL.** Instrument may be. although in form a deed.
   An instrument, called a deed by its maker, may be in the form of a deed, and be supported by a consideration, yet if it purports to convey a title which does not arise until the death of the maker, it is a will.

   Case cited and approved: Ellis v. Pearson, 104 Tenn., 593.

3. **DEED.** Instrument is, when in form of deed, reciting consideration, and vests title in praesenti.
   An instrument in the usual form of a deed of conveyance, reciting that it was executed in consideration of the sum of one dollar and a further consideration that the grantee will deed back the land to the grantor "when called for so to do", and purporting to vest title *in praesenti,* is a deed and not a will.

4. **SAME.** Contemporaneous power of attorney to grantor to collect rents for life does not make it a will.
   And an instrument such as that described in headnote 3 is a deed, and not a will, although contemporaneously with the execution of the instrument the grantee executed to the grantor a power of attorney authorizing the grantor to collect the rents of the property during the latter's life.

5. **SAME.** May reserve right of revocation to grantor.
   The grantor in a deed of conveyance may reserve to himself a power of revocation without thereby rendering the deed invalid or inoperative.

Cases cited and approved: Butler's Case, 2 Coke, 25; Ricketts v. Louisville, etc., Ry. Co., 91 Ky., 221.

**6. SAME. Same. Does not convert deed into a will.**

A power of revocation reserved to the grantor in an instrument conveying land does not convert that which would otherwise be a deed, into a will.

**7. SAME. Surrounding facts may be considered to ascertain whether deed or will was intended.**

In determining whether an instrument purporting to convey land is a deed or a will, the court may look to the surrounding facts to aid in the ascertainment of the intent of the parties at the time the instrument was executed.

Cases cited and approved: Rice v. Rice, 68 Ala., 216; Tuttle v. Raish (Iowa), 90 N. W., 66; Kisecker's Case, 190 Pa., 476.

**8. SAME. Conveying estate on condition need not reserve to heir a right of entry in case of breach.**

In a deed of conveyance which creates an estate in the grantee "on condition", either precedent or subsequent, it is not necessary that a right of entry should be expressly reserved to the heir of the grantor, in order that such heir may exercise the right of entry in case of breach of the condition.

Case cited and approved: Jackson v. Topping, 1 Wend. (N. Y.), 388.

**9. SAME. Right of revocation is personal to grantor, and does not create estate "on condition."**

A deed of conveyance which grants a fee determinable only upon the exercise by the grantor of a power of revocation reserved to her, does not create an estate "on condition," and such right of revocation is personal to the grantor, and determines at her death.

**10. SAME. Consideration. Gross inadequacy raises presumption of fraud, when.**

In a conveyance of land, the inadequacy of the consideration may

Stamper v. Venable.

be so gross, unexplained, and coupled with facts inequitable in character as to raise a presumption of fraud, and thereby avoid the deed.

Case cited and approved: Stephens v. Ozbourne, 107 Tenn., 572.

11. **SAME.** Same. Inadequacy of, does not raise presumption of fraud, when.

Where it clearly appears that a grantor intelligently and deliberately disposed of his property in a manner to satisfy himself, no presumption of fraud arises because of inadequacy of consideration, however great or small; and there is no reason for interference by the courts.

Case cited and approved: Mann v. Russey, 101 Tenn., 596.

FROM SULLIVAN.

Appeal from the Chancery Court of Sullivan County. —HAL H. HAYNES, Chancellor.

CURTIN, ST. JOHN & SHELTON, for Stamper et al.

CAMPBELL & BOREN, for Venable et al.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The bill in this cause was filed by complainants, who, with defendants (save Frances E. Venable), are the heirs of Minerva Bays, to set aside two deeds executed by the latter on the 2d of March, 1900, one of these being

to the defendant W. M. Venable, conveying a tract of land in Virginia, and the other to the defendant Frances E. Venable, of a piece of property lying in the city of Bristol, in the State of Tennessee. As stated in the opinion of the court of chancery appeals: "The essential grounds alleged in the bill for avoiding the deeds in question are that Mrs. Bays, at the time of their execution, was of unsound mind and incapable of intelligently transacting business and disposing of her property, and that the defendant named procured the execution of the deeds by fraud and undue influence, without consideration."

As to these two grounds that court finds as facts "that Mrs. Bays was of sound mind when she made and executed the deeds in question; that no fraud, deception, or undue influence was practiced or exerted by the grantees in question, or any one acting in their behalf, to secure the making of the deeds; but that she made them, understanding the nature of what she was doing, and to carry out her own wishes respecting her own property."

Upon this finding a final decree was rendered by that court, dismissing the bill of complainants. From this decree an appeal was prayed to this court, and the cause is now before us for review.

While the appeal opens up the case, within proper limitations, as to both these deeds, yet we find that the present attack is confined altogether to the instrument under which Mrs. Venable takes the Bristol property. As to

this, the complainants seemed to have changed their ground of assault, and, while conceding that the opinion of the court of chancery appeals has estopped them from further insistence on the "essential grounds" referred to, they insist there are legal objections to this deed, fatal to its validity, which they now press as a reason for a reversal of the decree of that court.

In the first place, it is said that the instrument in question is not a deed, but is rather a paper testamentary in character.

It may be observed that this contention is against the repeated recitals of complainants' bill, in which it is characterized as a "deed," and the whole controversy up to the present has gone upon the theory that it was a deed speaking *in praesenti*, to be avoided, however, on the grounds of fraud, undue influence, and incapacity on the part of the grantor.

In this condition of the record, there is room for the application of the rule, stated by Mr. Bigelow in his work on Estoppel (5th edition, p. 603), "that a party cannot, either in the course of litigation or in dealing *in pais*, occupy inconsistent positions." Further treating of the same subject, the author (page 717) uses the following language: "If parties in court were permitted to assume inconsistent positions in the trial of their causes, the usefulness of courts of justice would in most cases be paralyzed. The coercive powers of the law, available only between those who consented to its exer-

117 Tenn—36

cise, could be set at naught by all. But the rights of all men are in the keeping of the courts, and consistency of proceeding is therefore required of all those who come in or are brought before them. It may accordingly be laid down as a broad proposition that one, without mistake induced by the opposite party, who has taken a particular position deliberately, in the course of litigation, must act consistently with it. One cannot play fast and loose."

Without regard to the fact that the complainants are found, at the present time, assuming a position inconsistent with that taken in their bill, and with the theory urged by them through all the litigation in the lower courts, yet, foregoing the rule and giving them the benefit of a hearing at this late day, the question is, is their contention sound?

The instrument is in the form, and bears the usual earmarks, of a deed. It opens with the paragraph in these words: "This indenture, made the 2d day of March, 1900, between Minerva Bays, of the town of Bristol, and State of Tennessee, of the first part, and Frances E. Venable, of the county of Lee, of the State of Virginia, of the second part, witnesseth: That said party of the first part, for and in consideration of the sum of $1.00 in hand paid, and a further consideration that the second party will deed back to the party of the first part when called for so to do, hath bargained and sold, and by these presents doth grant and convey to the said party of the second part," etc. This is followed by a

description of the lands.   This description embraces two lots, and after reciting that they are conveyed, "with all and singular, the testaments, hereditaments, and all the estate, title, and interest of the said party of the first part therein," the instrument concludes as follows: "The said party of the first part will warrant and defend the above-granted premises in the quiet and peaceable possession of the second party, her heirs and assigns, forever."

While it is true, as is said in the case of *Ellis* v. *Pearson,* 104 Tenn., 593, 58 S. W., 318, that "the instrument may be in the form of a deed, it may be supported by a consideration, and by its maker called a deed, yet, if it purports to convey a title which does not arise until the death of the maker, it is nevertheless a will."   In other words, it is well settled, in this State and elsewhere, that whether a deed or will is to be determined by the courts under the familiar rules of construction, and the fact that the instrument is called a deed, when in legal effect it is a will, will not control in the application of these rules.

Contemporaneously with the execution of this instrument, Mrs. Venable, the grantee, executed to Mrs. Bays a power of attorney authorizing her to collect and appropriate the rents of the property during the latter's life. This she did through a real estate agent until her death. Upon these facts, and especially upon the phrase found in the instrument itself, as follows: "that the second party will deed back to the party of the first part when

called for so to do"—the insistence is rested that the instrument is ambulatory in character, to take effect upon the death of the maker, and that, this being so, it is in legal operation a will, and not a deed.

It is clear from the opinion of the court of chancery appeals that while this instrument was executed in its present form, and by its general terms was operative, so far as the passing of the title was concerned, *in praesenti*, yet it was the intention of the parties that the maker, an old lady then of about seventy-four years of age, and the aunt by marriage of the grantee, should have the benefit of the rents and profits of the estate during her life. It was to accomplish this result that the power of attorney was given. In other words, while the grantor parted with the whole title to the property, reserving to herself upon the face of the deed only a power of revocation, yet the evident understanding of the parties was that she was to enjoy the usufruct of the estate during her life. If this understanding of the parties had been set forth in the face of the instrument, it, standing by itself, would hardly sustain the contention that is now made with regard to it, resting in parol, as it does. If embodied in the instrument, it would have been in legal effect to reserve a life estate in the grantor and create an estate in remainder in the grantee. That such an instrument would be legal and operative in creating these estates needs no citation of authority. The insistence, however, on this point rests largely upon the power of revocation or recall which the grantor reserved to her-

self in the phrase quoted above. We do not understand that complainants' counsel insist that this right of revocation was the injection of a fatal vice in the instrument; for, if made, it could not be maintained. As early as *Butler's Case*, 2 Coke, 25, it was held that grants may be revoked by virtue of a power expressly reserved in the deed. *Ricketts* v. *Louisville, etc., Railway Co.,* 91 Ky., 221, 15 S. W., 182, 34 Am. St. Rep., 176, 11 L. R. A., 422; 1 Jones, Law of Real Property, section 666. But it is urged that the effect of this clause is to convert this instrument, which would otherwise be a deed, into one testamentary in character.

That the parties to this transaction did not so understand it is clear. Looking to the surrounding facts, as we may do, in its construction (*Rice* v. *Rice,* 68 Ala., 216; *Tuttle* v. *Raish* [Iowa], 90 N. W., 66; *Kiseckers Case,* 190 Pa., 476, 42 Atl., 886), with a view of aiding in the ascertainment of the intent of the parties, it is evident they did not take this paper to be a will. For immediately upon its execution, believing that it passed the whole title to the grantee, in order that the grantor might have the usufruct of the property during her life, the power of attorney referred to was executed by the grantee.

We are satisfied that the contention of complainants on this point is unsound, and that the instrument is— what the parties intended that it should be—a grant in fee with a power of revocation alone reserved. We have examined the authorities relied on by the counsel

for complainants on this point, and we find in no one of them a contrary opinion expressed. All of the cases relied upon involve instruments in which there was a more or less clear expression that the grantee was not to take interest or estate in the property embraced therein, until after the death of the grantor. This being so, it is well settled that these instruments were testamentary in character.

But it is further insisted that, if the power of revocation reserved in this instrument did not convert it into a will, yet, though not named, complainants, as heirs of the grantor, may exercise this right in the room and stead of this ancestor. If this instrument had created an estate on condition, either precedent, or subsequent, this insistence would be sound; for it seems to be settled that in such case it is unnecessary that the heir of the grantor should be expressly named, or that there should. be reserved to him a right of entry, in order to his exercise of the same in case of breach of the condition. 2 Washburn on Real Property, *p. 452; *Jackson* v. *Topping,* 1 Wend. (N. Y.), 388, 19 Am. Dec., 515.

But we do not understand that the estate, in question was one on condition. Such an estate is defined to be one which may be created, enlarged, or defeated by the happening or not happening of some contingent event. 2 Washburn on Real Property, *p. 455. In other words, it is an estate, the continuance or discontinuance of which rests upon the performance or nonperformance of some act which precedes the vestiture of the estate, or

may be availed of, to its destruction, after vestiture.
But, whether one or the other, it is an act to be per-
formed or avoided by the party into whom the title has
passed by grant or devise.   Rather, we think, the estate
here granted was a fee determinable only upon the gran-
tor exercising the right of revocation reserved to her.
This right, we think, was clearly personal to the grantor,
and, she having died without its exercise, the right died
with her.   She granted the whole estate, thus indicating
her purpose that the grantee, chosen by her, should enjoy
it to the full extent, save alone that she, the grantor,
might at some time see proper to recall this title.   There
is nothing in the instrument indicating that her heirs
should perform this act of revocation should she fail to
do so.   We are satisfied that there is no principle of law
that substitutes the complainants to the right of Mrs.
Bays in this regard.

But it is also said that, even if it was a deed, it was
void for want of consideration.   Whether there was a
consideration or not, yet, as the court of chancery ap-
peals find that Mrs. Bays at the time she executed the
deed was of sound mind, "that she knew what she was
doing, that she knew her property and what she wanted
to do with it,  .  .  .  and that she disposed of it in the
way she desired it to go," the lack of consideration can-
not be used by the complainants to defeat this instru-
ment.   While there are cases which hold that inadequacy
may be so gross, unexplained, or coupled with facts in-
equitable in character (*Stephens* v. *Ozbourne,* 107 Tenn.,

572, 64 S. W., 902, 89 Am. St. Rep., 957), as to raise the presumption of fraud, so as to avoid the instrument, this presumption of fraud will never prevail where it is clearly shown that the grantor intelligently and deliberately disposes of his property in a manner to satisfy himself. As is said by Mr. Pomeroy, in note 3, section 927, vol. 2, in his work on Equity and Jurisprudence: "Whenever it appears that the parties have knowingly and deliberately fixed upon any price, however great or however small, there is no occasion nor reason for interference by courts; for owners have a right to sell property for what they please, and buyers have a right to pay what they please." We are aware of no case in our books which controverts this proposition, while its soundness is expressly recognized in *Mann* v. *Russey,* 101 Tenn., 596, 49 S. W., 835, and *Talbott* v. *Manard,* 106 Tenn., 60, 59 S. W., 340.

Finding that the court of chancery appeals have determined the issues of fact against the complainants, the door of relief in this respect is closed against them. Nor are we able to discover in the propositions of law urged upon us any ground upon which this court can reverse the decree of that court, and let them in to the enjoyment of the property in question.

It follows that the decree of the court of chancery appeals, in dismissing the bill, must be affirmed.