Christopher C. McGrath, S.
In this proceeding two of the five children of the decedent seek a construction of paragraph “ ninth ” of the will to determine whether they are entitled to the specific bequests free of the conditions provided for in the will.
Paragraph “ ninth ” provides in part as follows:
“I give and bequeath two (2) shares of the common stock without par value, to each of my five (5) beloved children me surviving or to their issue them surviving, per stirpes and not per capita, that I own in the Ace High Ladder Co., Inc., # * * subject, however, to the following conditions:
“ It is my direction that as soon after my death as may be practicable, the total of the ten (10) shares of the common stock, of the Ace High Ladder Co., Inc., which I have specifically bequeathed equally among my five (5) children, shall have vested in each of them, I further direct that each of my children me surviving, shall then transfer their two (2) respective shares of common stock of the above corporation, to my son, Samuel Kane, and my daughter, Helen Kanewsky, or the survivor of them, whom I designate and appoint as Voting Trustees, who shall both act in such capacity by an agreement in writing commonly known as a ‘ Voting Trust, ’ which agreement shall be executed by each of my children, * * * as the beneficial owners of two (2) shares each of the common stock as aforesaid, and I further direct that the Voting Trustees, * * * shall vote the ten (10) shares * * * unanimously for the carrying on and continuance of the business * * *.
“ The said Voting Trust Agreement shall be drawn and executed in accordance with the Stock Corporation Law * * * so that my intentions shall be carried out, in accordance with my directions. ’ ’
There is no provision for a gift over in the event that the legatees fail to carry out the conditions. The testatrix under paragraph ‘ ‘ tenth ’ ’ of the will gives the five children each an equal share of the remainder of the estate.
Three of the children seek to enforce the conditions and rely upon the decision in Matter of Tourneau (4 Misc 2d 941). In the Tourneau case the bequest to the wife of a fifth of the residuary estate was also 11 subject to the conditions.” The will there provided that “ as a condition precedent to turning over my stock interest in such business ” the beneficiaries were directed *812 to enter into a voting trust agreement in favor of the decedent’s brother. The court there in giving effect to the conditions held that the testator had a right to impose a condition precedent and that the donee must take the gift with the condition imposed or not at all.
The parties seeking to uphold the conditions in the instant case, stress the point that the directions are mandatory and read the will as imposing a condition precedent.
In the case under consideration we do not have express language making the condition a “ condition precedent.” We conclude from a reading of the present will that the condition is a condition subsequent and the issue is determined by the rule that a condition subsequent annexed to a legacy will not operate upon breach to divest the title of a legatee unless there is an express gift over on the breach of the condition (Sherman v. Richmond Hose Co., 101 Misc. 62, mod. 186 App. Div. 417, affd. 230 N. Y. 462; Hogan v. Curtin, 88 N. Y. 164; Matter of Arrowsmith, 162 App. Div. 623, affd. 213 N. Y. 704; Robinson v. Martin, 200 N. Y. 159). The duty of the five children in the present case was clearly prospective and could not be performed until the payment of the legacy. The obligation to transfer the stock did not precede the gift but arose after it. The condition required a course of action on the part of the legatees following the vesting of the stock (cf. Matter of Johnston, 277 App. Div. 239, 243, affd. 302 N. Y. 782).
By the terms of the will in the instant case, the Voting Trust Agreement is to ££ be drawn and executed in accordance with the Stock Corporation Law.” Section 50 of that law provides that ££ A stockholder, by agreement in writing, may transfer his stock to a voting trustee ” (emphasis added). A stockholder may not be required to assign his shares to a voting trust and to surrender his right to vote on corporate affairs and his right to freely alienate his interest (Eisenberg v. Central Zone Prop. Corp., 203 Misc. 59, 65-66, revd. 281 App. Div. 817, revd. 306 N. Y. 58). As was said in the Eisenberg case (203 Misc. 59, 67), citing Matter of Morse (Bank of America) (247 N. Y. 290) “ That statute does not admit of the compulsion of shareholders to surrender their shares to voting trustees; the essence of the voting trust is that all shareholders be £ privileged ’ to subscribe to the trust£ if they choose to do so ’.”
The court concludes that the conditions described do not bind the legatees and that they are entitled to the stock free of any conditions.