Sallie E. WRIGHT, Plaintiff-Appellee,

v.

Sharon Turnbow HUSKEY and Elva McNutt, Defendants-Appellants.

Court of Appeals of Tennessee, Western Section.

Nov. 9, 1979.

Permission to Appeal Denied by Supreme Court Jan. 21, 1980.

Robert L. Huskey, Manchester, for defendants-appellants.

Keaton, Turner & Peluso, Hohenwald, for plaintiff-appellee.

MATHERNE, Presiding Judge.

The basic issue before the Court is whether an instrument, couched in terms normally associated with deeds, which purports to convey realty to named grantees but reserves in the grantor a life estate and the unlimited power to sell is testamentary in character.

The chancellor held that the instrument was a deed which conveyed a present vested remainder to the grantees with the reservation of the absolute power to revoke the conveyance of the remainder interest by sale during the life of the grantor. The chancellor held that the grantor holds a life estate in the realty with the absolute power to sell the property.

Sallie Wright, the grantor and the plaintiff in this lawsuit, executed an instrument which conveyed about 56 acres of land to her daughter Elva McNutt and her son-in-law Ernest Turnbow as equal tenants in common, subject to the following reservation:

> It is agreed, understood and made a part of the consideration of this transaction that the bargainor, Mrs. C. W. Wright, reserves a Life Estate in the said property, she to have full possession, rents and control thereof as long as she lives or desires to have same, and with the right to sell all or a part thereof without the bargainees, Elva McNutt and Ernest Turnbow signing the Deed, should she desire to sell same. The bargainor, Mrs. C. W. Wright, will pay the taxes on said property as long as she is in possession of same.

Shortly after the instrument was delivered the son-in-law Turnbow remarried and subsequently died leaving the defendant Sharon Turnbow Huskey as his only child and sole heir at law. It appears that the parties did not get along as well after the Turnbow remarriage as they did prior thereto. Sharon Turnbow Huskey learned that the plaintiff was planning to sell the farm whereupon she notified the real estate agent of her claim to the property and caused to be filed in the Register's Office of Lewis County, Tennessee, a Notice of Lis Pendens identifying the property. Thereupon, Sallie Wright, the grantor under the instrument, filed this lawsuit to clear title to the property and to cancel the Notice of Lis Pendens. The defendant Elva McNutt does not contest the right of the plaintiff to sell the property.

In *Couch v. Hoover* (1934) 18 Tenn.App. 523, 79 S.W.2d 807, the court examined a deed to trustees with full power to manage and control the property with the net income to be held in trust for a minor beneficiary until he reached age 21 years when the trust terminated and the property would vest in the beneficiary. The trustees had full power to sell and reinvest. The deed further provided that "this conveyance shall not take effect until the death of [the grantor]. . . ." The Court held that the instrument was a deed conveying a present interest but reserving a life estate in the grantor. The deed conveyed a present or vested remainder estate to be enjoyed after the death of the grantor, and upon delivery it was a conveyance by deed. See also: *Smith v. Prichard* (1938) 22 Tenn. App. 321, 122 S.W.2d 829; *Howell v. Davis* (1954) 196 Tenn. 334, 268 S.W.2d 85; *Cockrell v. Tuell* (1970) 61 Tenn.App. 423, 454 S.W.2d 713.

It is important to note that in the *Couch, Smith, Howell* and *Cockrell* cases the grantors did not reserve the right to revoke the conveyance during their lifetime. The instrument now before the Court expressly reserves in the grantor a life estate with the right to sell.

This situation was dealt with in *Ellis v. Pearson* (1900) 104 Tenn. 591, 58 S.W. 318. In that lawsuit the instrument provided:

> Know all men by these presents: That I, J. H. Pearson, do give to my wife, after my death, the following described parcel of land [describing it]. I reserve the right in me, J. H. Pearson, to sell or dispose of the above described land till my death. When I sell or convey the above, this gift is of no effect. After my death, if my wife, L. M. Pearson, wants to sell, I give her the right to do so, for the love I have for her.

The Court reviewed other cases, namely, *Walls v. Ward* (1853) 32 Tenn. 648 and *Swails v. Bushart* (1859) 39 Tenn. 561, wherein the conveyances were not to take effect until the death of the grantor. The Court noted that in those prior cases there was a complete title in remainder *in praesenti* and the instruments were in fact deeds and not wills. The Court noted, however, that the situation in *Ellis* presented a "radical" departure from the other cases wherein the instrument reserved a life estate with "the power reserved to the donor to destroy what he had created, to defeat the ultimate enjoyment of the estate given, by a disposition thereof in any of the modes open under the law to accomplish that purpose." The Court held the instrument to be testamentary in character and not a deed.

The chancellor relied upon the case of *Stamper v. Venable* (1906) 117 Tenn. 557, 97 S.W. 812. There the instrument provided that in consideration of $1.00 and the grantee's agreement to "deed back to the [grantor] when called for so to do, [the grantor] hath bargained and sold . . ." Complete title was otherwise conveyed with usual warranties. Contemporaneously with the execution of this instrument, the grantee executed to the grantor a power of attorney authorizing the grantor to "collect and appropriate the rents of the property during [the grantor's] life." The grantor apparently never attempted to exercise the "deed back" provision of the instrument, and the *Stamper* lawsuit was brought by the grantor's heirs in an attempt to set the instrument aside on the ground that the "sell back" provision converted the instrument, which would otherwise be a deed, into one testamentary in character. The *Stamper* court first noted that grants may be revoked by virtue of a power expressly reserved in the deed. We must assume from the holding in *Stamper* that a deed conveying the fee with only a right of revocation reserved does pass an interest *in praesenti* to the grantee. The Court held that "the instrument is—what the parties intended that it should be—a grant in fee with a power of revocation alone reserved." The Court defined the estate thus conveyed as "a fee determinable only upon the grantor exercising the right of revocation reserved to her." In finding that the parties did not intend the instrument to be testamentary in character the Court reasoned:

That the parties to this transaction did not so understand it is clear. Looking to the surrounding facts, as we may do, in its construction (*Rice v. Rice*, 68 Ala. 216; *Tuttle v. Raish* [116 Iowa 331,] 90 N.W. 66; *Kiseckers Case*, 190 Pa. 476, 42 A. 886), with a view of aiding in the ascertainment of the intent of the parties, it is evident they did not take this paper to be a will. For immediately upon its execution, believing that it passed the whole title to the grantee, in order that the grantor might have the usufruct of the property during her life, the power of attorney referred to was executed by the grantee.

It is of interest to note that the same Justice, Mr. Justice Beard, of the Supreme Court of Tennessee, wrote both the *Ellis* opinion and the *Stamper* opinion. We hold that *Ellis* is clearly distinguishable from *Stamper* and that this lawsuit is governed by the rule announced in *Ellis, supra.*

In determining whether an instrument is testamentary in character or a deed, the intent of the grantor is controlling. *Cockrell v. Tuell* (1970) 61 Tenn.App. 423, 454 S.W.2d 713. In *Ellis v. Pearson, supra*, it is stated that:

Whether a paper is to operate as a will or deed depends upon the intention of the maker, to be gathered from its language, (Citation omitted). In order that it be held a deed it must convey an interest to take effect *in praesenti*, though the enjoyment may rest in futuro. (Citations omitted). It is otherwise as to a will; it speaks as of the death of the testator.

The plaintiff-grantor testified by deposition that the purpose of the instrument was to defeat any claim her husband might assert against the property by divorce proceeding or as her survivor, and still reserve in herself the use of the property with the unlimited right to sell. That stated purpose shows within itself that she did not intend to grant a present interest.

It has been long established in Tennessee that the grant of an estate for life with unlimited power of disposition, carries the fee. *Deadrick v. Armour* (1850) 29 Tenn. 588; *Davis v. Richardson* (1837) 18 Tenn. 290; *David Bridgman* (1831) 10 Tenn. 557. We, therefore, hold that when a grantor reserves a life estate with unlimited power to sell, he retains the fee—no interest *in praesenti* passes to the grantee—the instrument is not a deed. Being testamentary in character and not complying with the statutory requirements necessary to constitute a valid will, the instrument is void. See: *Smith v. Prichard, supra.*

The decree of the chancellor is reversed and a judgment will be entered in this Court declaring the instrument recorded in Deed Book A–9, page 61, Register's Office of Lewis County, Tennessee, void and cancelling the Notice of Lis Pendens recorded in Lien Book 3, page 97, Register's Office of Lewis County, Tennessee. The cost in this Court is adjudged against the defendants-appellants.

NEARN and SUMMERS, JJ., concur.