495 N.E.2d 194 (1986)
In the matter of the Carl F. Bettner Trust.
Rosemary Ricketts, et al. Beneficiaries-Appellants,
v.
HOWARD BETTNER, Trustee-Appellee.
No. 1-1185A291.
Court of Appeals of Indiana, First District.
July 8, 1986.
Don Hubert Wickens, W. Michael Wilke, Greensburg, William H. Wolf, Greenfield, for beneficiaries-appellants.
Eric N. Allen, Free, Brand, Tosick & Allen, Greenfield, Bob Good, Good & Good, Shelbyville, for trustee-appellee.
RATLIFF, Judge.

STATEMENT OF THE CASE
The beneficiaries of an alleged voting trust appeal the decision of the Hancock Circuit Court approving the trustee's accounting and disallowing evidence of the trustee's alleged breaches of his fiduciary responsibilities. We reverse and remand.

FACTS
Carl F. Bettner executed his Last Will and Testament on May 1, 1974. He died on August 7, 1976, and his will was admitted to probate. The critical portions of Carl Bettner's will are as follows:
"I give and bequeath to my son, Howard E. Bettner, as Trustee, the remainder of my stock in Waldron Die Co., Inc., for the use and benefit of six (6) of my children, namely, Betty Remmler, Ruth Washburn, Martha Blanford, Rosemary Ricketts, Howard E. Bettner, and Charles E. Bettner. My Trustee shall have the absolute right to vote this stock as he sees fit; ... . My Trustee is to administer this Trust for the use and benefit of six (6) beneficiaries, and make periodic accounting to the beneficiaries *195 no less than annually. Dividends, if any, shall be paid annually directly to the individual beneficiaries. This Trust shall continue for a period of ten (10) years from the date of my death, and at the expiration of such ... period, the Trust shall terminate, and the stock shall be divided equally among the beneficiaries... ." (Emphasis added.)
The stock bequeathed amounted to fifty-four (54) shares of the total outstanding 100 shares of stock of a family business. The Trustee, Howard Bettner, had worked with his father in the die business since 1947. Currently, Howard Bettner is the manager and chairman of the board at Waldron Die Company. The testator's apparent purpose in drafting the above provision was to retain continuity in the company and to avoid family disputes in the company's operation for at least ten years. The testator gave Howard the sole power to vote the fifty-four (54) shares to effect his purpose. Unfortunately, the testator's children eventually disputed Howard's management of the company. On January 25, 1984, Rosemary Ricketts (Rosemary), one of the trust beneficiaries, filed a petition to docket the trust and to require an accounting by the trustee, Howard Bettner. The trial court granted her petition. On May 31, 1984, Howard Bettner filed the accounting with the probate court. On July 2, 1984, Rosemary filed objections to it. In addition to claims that the accounting was incomplete, Rosemary claimed that Howard had breached his fiduciary duties to the trust beneficiaries. Her request for relief included the removal of Howard as trustee.
The probate court confined its analysis to the sufficiency of the accounting. It excluded all evidence of Howard's alleged mishandling of the trust. The trial judge held that the accounting was sufficient, leaving the beneficiaries to other remedies for their claims of breach of fiduciary duties.

ISSUES
1. Can a testator create a voting trust in a will when the Indiana Code requires such a trust to be by written agreement?
2. What issues should a probate court consider when a beneficiary files objections to a trustee's accounting and additionally claims that the trustee has breached his fiduciary duties?

DISCUSSION AND DECISION

Issue One
A voting trust is created when two or more shareholders transfer their shares to one or more trustees so that the trustees will vote the shares. The shareholders retain beneficial ownership. In Indiana, a voting trust exists only by statute. Indiana Code section 23-3-1-1 sets forth the requirements for a valid voting trust. The most important requisite is that it be "[b]y written agreement." If the shareholders do not memorialize their agreement in writing, the voting trust is invalid.
A voting trust cannot be created testamentorily since the devisee-shareholders have not agreed in writing to it. Although this is a case of first impression in our state, there is support in other jurisdictions and in treatises to persuade us that a testator cannot create a voting trust. Feldsine v. Feldsine (1953), 119 N.Y.S.2d 220; In Re Pittock's Will (1921), 102 Or. 159, 199 P. 633. Cf. In Re Kanewsky's Will (1963), 40 Misc.2d 810, 244 N.Y.S.2d 180; 1 W. Nossaman & J. Wyatt, Trust Administration & Taxation § 14.05[1] (1986); Note, The Voting Trust, 34 N.Y.U.L. Rev. 290, 295-96 (1959). Since a voting trust is created only by written agreement, a testator cannot impose an agreement upon the devisees. It is contrary to public policy to force the devisees to accept the agreement's terms when they were not parties to it. The trustee in his own brief defined a voting trust as "An agreement among shareholders" but he failed to recognize the absence of any agreement between the six children of the testator. Thus, Carl Bettner did not create a voting trust in his will.

Issue Two
Carl Bettner's will created a normal testamentary trust. To be a valid express *196 trust, the trustee must hold legal title to the trust corpus while the beneficiary holds equitable title. Indiana Code section 30-4-1-1. If the beneficiary holds legal title, the trust is invalid. 28 I.L.E. Trusts § 25 (1985). Carl Bettner's will facially appears to vest legal title of the stock in Howard. The first sentence of the trust provision states, "I give and bequeath to my son, Howard E. Bettner, as Trustee, the remainder of my stock ..." Later, the will states that upon expiration of ten years, "The stock shall be divided equally among the beneficiaries." This also lends credence to the view that Howard, the trustee, held legal title.
Other provisions of the will are contrary and suggest that the six named beneficiaries held legal title. If this were the situation, then no express trust would exist. The will states, "Dividends ... shall be paid annually directly to the individual beneficiaries" (Emphasis added). This favors the construction that the beneficiaries hold legal title since the company is to pay them directly, avoiding any actions by the trustee. Evidence adduced at trial also showed that, apparently, the fifty-four (54) certificates of stock were listed in the names of the six individuals, not in the name of the trustee. All parties assumed that Howard only had the power to vote the shares and that the six beneficiaries had legal title. As stated above, however, the trustee must hold legal title for the trust to be valid. The names listed on stock certificates are merely evidence of ownership. Hinds v. McNair (1955), 235 Ind. 34, 49, 129 N.E.2d 553, 562; Matter of Rappaport (1985), 110 A.D.2d 639, 487 N.Y.S.2d 376; Connelly v. Dooley's Estate (1981), 96 Ill. App.3d 1077, 52 Ill.Dec. 462, 422 N.E.2d 143; Krosnar v. Schmidt Krosnar McNaughton Garrett Co. (1980), 282 Pa. Super. 526, 423 A.2d 370. Thus, the fact that the stock certificates are listed under the names of the six beneficiaries is not conclusive as to who holds legal title to them.
In order to effectuate the testator's purpose, we hold that legal title was vested in the trustee, Howard. Since the testator could not create a voting trust by his will, we hold that he intended to create a testamentary trust as opposed to no trust at all. We note that the clear language of the will vests legal ownership with the trustee despite the provision for direct payment of dividends. The beneficiaries simply held equitable title. The provision giving Howard voting power on the stock is not inconsistent with legal title being in Howard since it is normal for a trustee of stock to have the sole power to vote the stock while he holds it in trust. Therefore, the stock certificates incorrectly name the six beneficiaries as owners of the stock.
Since this was a valid testamentary trust, the Indiana Trust Code is applicable. A trustee is subject to many fiduciary duties under the Code. Indiana Code section 30-4-5-12 requires a trustee to provide an accounting to each beneficiary annually. Indiana Code section 30-4-5-13 specifies the contents of such an accounting. A beneficiary can object to the accounting under Indiana Code section 30-4-5-14(b). This is precisely what Rosemary did. We note at the outset that Howard's accounting is insufficient since it is premised upon a voting trust, not a testamentary trust.
The probate court, viewing the trust as a voting trust, disallowed any evidence of the trustee's alleged breaches of fiduciary duties. The probate court opined that such issues were not properly before the court when an objection to the accounting was filed. However, Ind. Code § 30-4-5-14(d) states that "The court shall determine the correctness of the statement and the validity and propriety of all actions of the trustee described in the statement. ..." (Emphasis added). 28 I.L.E. Trusts § 204 (1985) supports this broad analysis.
"[T]he court, after hearing all the evidence submitted, shall determine the correctness of the account and the validity and propriety of all actions of the trustee ..., including the purchase, retention, and disposition of the property and funds of the trust, either approving or disapproving the same or any part thereof, *197 and surcharging the trustee... for all losses, if any, caused by negligent or wilful breaches of trust."
Id. Thus, an objection by a beneficiary to a trustee's accounting raises issues far beyond a determination of the accounting statement's full disclosure. If the objection to the accounting also raises issues of impropriety, the court must analyze all aspects of the trust to assure itself and the beneficiaries that the trustee has acted properly in the administration of the trust. The breadth of a court's powers when examining an accounting are illustrated in Donahue v. Watson (1980), Ind. App., 411 N.E.2d 741, trans. denied. In that case, our court upheld the trial court's removal of a trustee despite the objectors' failure to request removal in their pleadings as a remedy. Id. at 746. An objection to an accounting thus can encompass all issues of alleged improprieties on the part of the trustee. Since Carl Bettner created a testamentary trust instead of a voting trust, the fiduciary duties of the trustee are much broader since he is responsible for much more than simply voting shares of stock. On remand, Howard should submit a revised accounting to the probate court. If one of the beneficiaries thereafter files objections to the accounting and further alleges breaches of fiduciary duties, the court must hear relevant evidence on all of the issues. The probate court then has a responsibility to issue any relief which is appropriate.
Reversed and remanded for further proceedings consistant with this opinion.
ROBERTSON, P.J., and NEAL, J., concur.