**The ESTATE OF Bruce D. SINCLAIR,
Susan Sinclair, Executrix,
Plaintiff/Appellant,**

v.

**KEITH–SINCLAIR COMPANY, INC., and
Jere C. Sinclair, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 2, 1994.

Permission to Appeal Denied by
Supreme Court Feb. 21, 1995.

Alfred H. Knight and Alan D. Johnson, Willis & Knight, Nashville, for plaintiff/appellant.

John S. Hicks and Darwin A. Hindman, III, Heiskell, Donelson, Bearman, Adams, Williams & Caldwell, Nashville, for defendants/appellees.

## OPINION

CANTRELL, Judge.

The primary question in this appeal is whether a contract between a corporation's sole shareholders requiring the shares of the first to die to be put in a voting trust is a testamentary disposition requiring compliance with the Wills Act. Alternatively, the executrix argues that enforcing the trust violates the Tennessee Voting Trust Statute. The Chancery Court of Davidson County enforced the contract. We affirm.

### I.

In 1979, brothers Bruce and Jere Sinclair, the sole stockholders of the Keith Sinclair Company, agreed that if either wished to dispose of his shares during his lifetime the company and the other stockholder(s) would have the right of first refusal. In addition, they agreed that upon the death of either of them, any stock in the company that passed as part of the estate would be transferred to the other stockholder as trustee of a voting trust which would last until the death of the survivor or for five years, whichever was earlier.

Bruce Sinclair died in 1991 and his will appointed his wife executrix. The will did not mention the 1979 voting trust agreement, but it did include the following paragraph:

6. Should any part of the property owned by me at the time of my death consist of business interests, the transfer of which are restricted under the terms of certain business agreements, then I intend

that my Executrix and the beneficiaries hereof shall honor and abide by the terms and provisions of all such agreements existing and in force at the time of my death.

The will further allowed the executrix to retain any of the estate's assets, including stocks or bonds, but provided that the residue (presumably the part the executrix chose not to keep personally) would be placed in an existing trust (not the voting trust) or one created for similar purposes.

After Bruce Sinclair's death, his brother presented the executrix with a voting trust agreement incorporating the conditions set forth in the 1979 contract. The executrix refused to sign the agreement and filed an action to have the 1979 contract declared null and void. The corporation and the surviving stockholder counterclaimed for specific performance. The chancellor upheld the contract and granted specific performance on the counterclaim.

## II.

The executrix asserts on appeal that the 1979 voting trust agreement is invalid because it is an attempted testamentary disposition of the voting interest in Bruce Sinclair's stock but does not meet the requirement of the Wills Act.

■■ An instrument taking effect at the death of the maker is a will. *See Pritchard on Wills*, Vol. I, § 19. It follows, therefore, that to be valid such an instrument must comply with the statutory requirements necessary to constitute a valid will. *Wright v. Huskey*, 592 S.W.2d 899 (Tenn.App.1979). A conveyance of a present interest, however, is not testamentary in character, even though the enjoyment of the rights conveyed are postponed until the death of the donor or grantor. *Couch v. Hoover*, 18 Tenn.App. 523, 79 S.W.2d 807 (1934). The intent of the grantor—whether he intends to pass a present irrevocable interest or one that takes effect at his death—is controlling. *Cockrell v. Tuell*, 61 Tenn.App. 423, 454 S.W.2d 713 (1970).

■ Applying these standards to the case before us we are convinced that the 1979 contract immediately bound the parties ac-

cording to its terms. We do not think either party could have unilaterally repudiated the contract's voting trust provisions. If those provisions were ineffective until the death of one of the parties, either party would have been free to change them at any time. It is axiomatic that the will speaks as of the testator's death unless a contrary intention appears. *Lockett v. Thomas*, 179 Tenn. 240, 165 S.W.2d 375 (1942). Until that time, the testator is free to change his will as he sees fit. We do not think the same could be said of the terms of the 1979 contract. Therefore, we hold that the contract's voting trust provisions were not testamentary in character.

## III.

The executrix also argues that the contractual provision requiring the stock to be placed in a voting trust at the death of one of the shareholders violates the Tennessee Voting Trust Statute, Tenn.Code Ann. § 48–17–301. Specifically, she argues that the statute requires an agreement in writing signed by the affected shareholders. Since the executrix did not enter into the agreement, she asserts that she is not bound by it.

■ This argument has been effectively pressed where the voting trust requirement is included in a decedent's will. Where the shares of a corporation pass unencumbered under the will to the legatees and the will then attempts to subject the shares to a voting trust, the courts have uniformly held that the trust provision is ineffective because the beneficial owners did not agree to it. *Matter of Carl F. Bettner Trust*, 495 N.E.2d 194 (Ind.App.1986); *In re Kanewsky's Will*, 40 Misc.2d 810, 244 N.Y.S.2d 180 (Surr.Ct.1963).

■ We think our previous determination that the voting trust provision was not a testamentary creation also bears on this part of the argument. Since the 1979 contract created a present obligation with respect to the shares owned by Bruce Sinclair, the will passed those shares to the executrix subject to the existing obligation. "... [A] non-personal contractual duty does not terminate with the death of the party who assumed the duty, but is binding on the estate." *In re*

**750**

*Estate of Brown,* 446 Pa. 401, 289 A.2d 77 at 80–81 (1972).

The requirements of Tenn.Code Ann. § 48–17–301 are satisfied where the only affected shareholders consented to the 1979 agreement.

### IV.

The executrix argues that even if the voting trust provisions of the 1979 agreement are not testamentary, they are nothing more than an agreement to agree and are too indefinite to be specifically enforced.

We have already expressed our opinion that the agreement created a binding obligation on the two parties at the time of its execution. While the agreement is short on specifics with respect to the trustee's duties it is specific with respect to its essential purpose: to allow the survivor to vote the deceased's shares for a period of five years unless the survivor dies within that five year period. The chancellor's decree does no more than that. It requires the executrix to deliver the shares to the company for reissuance to the survivor as trustee, who will serve pursuant to the agreement. The decree further provided that if the stock certificate had not been delivered for reissuance by the time the judgment became final, title to the shares would be vested in the survivor by the judgment itself. We think the chancellor's judgment followed exactly the parties' agreement.

With respect to the trustee's duties, we think Tenn.Code Ann. § 48–17–301 and the general law with respect to trustees and fiduciaries, *see* Title 35 of the Tennessee Code, provide the guidance needed for the operation of this trust.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for the enforcement of its decree and collection of the costs accrued in that court. Tax the costs on appeal to the appellant.

TODD, P.J., and WILLIAM B. CAIN, Special Judge, concur.